# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SCOTT D.H. REDMAN, individually and on behalf )
of all others similarly situated, )
                                                   )
                        Plaintiff, )          No. 11 C 6741
                                                     )
      v. )          Judge Grady
                                                     )
RADIOSHACK CORPORATION, )      Magistrate Valdez
a Delaware corporation, )
                                                     )
                     Defendant. )

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiff Scott D.H. Redman ("Plaintiff"), by his attorneys, Markoff Leinberger LLC, and pursuant to Fed. R. Civ. P. 23, move this Court to certify a class in this action as follows:

1.      Plaintiff's claims are based on Defendant Radioshack Corporation's ("Defendant") failure to comply with the card receipt truncation requirements set forth in § 1681c(g) of the Fair Credit Reporting Act. See 15 U.S.C. § 1681 *et seq.*

2.      Because the FCRA claim at issue arises from Defendant's standardized practice of providing receipts that displayed the expiration dates of consumers' credit and debit cards, a class action is ideal. In fact, nearly identical cases have already been certified for class treatment in this district.[1]

---

[1] *See Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-C3774, 2010 WL 658863 (N.D. Ill. Feb. 22, 2010) (J. Hart); *Shurland v. Bacci Café & Pizzeria On Ogden, Inc.*, 259 F.R.D. 151 (N.D. Ill. 2009) (J. Pallmeyer); *Armes v. Shanta Enterprise, Inc.*, No. 07-C5766, 2009 WL 2020781 (N.D. Ill. July 8, 2009) (J. Kapala); *Beringer v. Standard Parking Corp.*, Nos. 07-C5027 and 07-C5119, 2008 WL 4390626 (N.D. Ill. Sept. 24, 2008) (J. Pallmeyer); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008) (J. Dow); *Harris v. Best Buy Co., Inc., et al.*, No. 07-C2559, 2008 WL 4378476 (N.D. Ill. Mar. 20, 2008) (J. St. Eve); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008) (J. Castillo); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008) (J. Castillo); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008) (J. Lindberg); *Harris v. Circuit City Stores, Inc.*, No. 07-C2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (J. Schenkier); *Troy v. Red Lantern Inn, Inc.*, No. 07-

3. In determining whether a class will be certified, it should be noted that "Rule 23 is a remedial procedure which should be construed liberally to permit class actions."[2]

4. As detailed in Plaintiff's accompanying memorandum, the requirements to proceed with a class action - numerosity, commonality, typicality, and adequacy - provided for by Rule 23, are satisfied in this case. Moreover, the requirements for certifying a Rule 23(b)(3) class are also met.

WHEREFORE, Plaintiff Scott D.H. Redman respectfully requests that this Court enter an order certifying the following class:

> All persons to whom Radioshack Corporation provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after June 3, 2008, which receipt displayed the expiration date of the person's credit or debit card.

SCOTT D.H. REDMAN, Plaintiff

By: /s Paul F. Markoff
One of Plaintiff's Attorneys

Paul F. Markoff
Karl G. Leinberger
Markoff Leinberger LLC
134 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312.726.4162 (p)
312.277.2507 (f)

---

C2418, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007) (J. Aspen); *Halperin v. Interpark, Inc.*, No. 07-C2161, 2007 WL 4219419 (Nov. 29, 2007) (J. Bucklo). The only case not being certified was *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 348 (N.D. Ill. 2009), which was denied certification because the named plaintiff used a business card for a purchase.

[2] *Ruiz v. Stewart Assocs.*, 171 F.R.D. 238, 241 (N.D. Ill. 1997); *Gates v. Towery*, No. 04 C 2155, 2004 WL 2583905, *1 (N.D. Ill. Nov. 10, 2004).