UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 11 C 6741 |
| v. | ) ) | Judge Grady |
| RADIOSHACK CORPORATION, a Delaware corporation, | ) ) ) ) | Magistrate Valdez |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**

Plaintiff Scott D.H. Redman ("Plaintiff"), by his attorneys, Markoff Leinberger LLC, submits this memorandum of law in support of his Motion for Class Certification.

**Introduction**

Plaintiff alleges that Defendant Radioshack Corporation ("Defendant") provided him an electronically-printed credit card receipt in violation of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which amended the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Specifically, Plaintiff alleges that he received a receipt that contained the expiration date of his credit card, which constitutes a violation of FACTA. 15 U.S.C. 1681c(g)(1).

Plaintiff seeks to represent a class of consumers that received receipts from Defendant that displayed the expiration date of their credit or debit cards, in violation of FACTA. Because no individual issues exist that would preclude classwide disposition of this case and because Plaintiff otherwise meets the requirements for class certification, Plaintiff seeks to certify the following class:

All persons to whom Radioshack Corporation provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after June 3, 2008, which receipt displayed the expiration date of the person's credit or debit card.

Virtually all of the many FACTA cases to be considered for class certification in this District have been certified.[1] Because Plaintiff meets all requirements pursuant to Rule 23, Plaintiff requests that this Court certify the class as stated.

## Legal Standard

"Class certification is appropriate where the proposed class representatives can satisfy all four prerequisites of Rule 23(a) and one of the requirements of Rule 23(b)." *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. at 293 (*citing Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002)). A plaintiff seeking class certification must prove that "'(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Matthews v. United Retail, Inc.*, 248 F.R.D. at 213 (*quoting Retired Chic. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993)). If a plaintiff

---

[1] *See Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-C3774, 2010 WL 658863 (N.D. Ill. Feb. 22, 2010) (J. Hart); *Shurland v. Bacci Café & Pizzeria On Ogden, Inc.*, 259 F.R.D. 151 (N.D. Ill. 2009) (J. Pallmeyer); *Armes v. Shanta Enterprise, Inc.*, No. 07-C5766, 2009 WL 2020781 (N.D. Ill. July 8, 2009) (J. Kapala); *Beringer v. Standard Parking Corp.*, Nos. 07-C5027 and 07-C5119, 2008 WL 4390626 (N.D. Ill. Sept. 24, 2008) (J. Pallmeyer); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008) (J. Dow); *Harris v. Best Buy Co., Inc., et al.*, No. 07-C2559, 2008 WL 4378476 (N.D. Ill. Mar. 20, 2008) (J. St. Eve); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290 (N.D. Ill. 2008) (J. Castillo); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D. Ill. 2008) (J. Castillo); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284 (N.D. Ill. 2008) (J. Lindberg); *Harris v. Circuit City Stores, Inc.*, No. 07-C2512, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (J. Schenkier); *Troy v. Red Lantern Inn, Inc.*, No. 07-C2418, 2007 WL 4293014 (N.D. Ill. Dec. 4, 2007) (J. Aspen); *Halperin v. Interpark, Inc.*, No. 07-C2161, 2007 WL 4219419 (Nov. 29, 2007) (J. Bucklo). The only case not being certified was *Pezl v. Amore Mio, Inc.*, 259 F.R.D. 344, 348 (N.D. Ill. 2009), which was denied certification because the named plaintiff used a business card for a purchase.

meets the requirements of Rule 23(a), he must then satisfy one of the provisions of Rule 23(b). *Id*. Because Plaintiff seeks certification under Rule 23(b)(3) here, he must show "'that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'" *Id*. (*quoting* Fed. R. Civ. P. 23(b)(3)).

## Legal Discussion

**I. PLAINTIFF MEETS THE RULE 23(a) REQUIREMENTS.**

  **A. Numerosity.**

"Rule 23(a)(1) requires that a proposed class be so numerous that joinder is impractical." *Matthews*, 248 F.R.D. at 214. Impracticability exists when individual adjudication would take an extended period of time and joinder of all the parties would be expensive, time consuming and "a strain on already overtaxed judicial resources." *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992). Though there is no bright line test for numerosity, a class with as few as 40 members may meet the numerosity requirement, and courts rely on common sense to determine whether an estimate of class size is reasonable and meets the numerosity requirement. *Redmon*, 249 F.R.D. at 294 (*citing Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969)) and *Ringswald v. County of DuPage*, 196 F.R.D. 509, 511-512 (N.D. Ill. 2000)).

In this case, the exact number of class members is within the exclusive control of Defendant and discovery has not yet commenced. However, according to its website, Defendant operates more than 4,675 stores.[2] Common sense dictates that hundreds, if not thousands of Defendant's customers made their purchases using a credit or debit card. At the minimum,

---

[2]  *See* Def.'s website, *available at* www.radioshackcorporation.com.

common sense dictates that at each of Defendant's stores, there was at least one customer that paid Defendant using a credit or debit card, putting the putative class size well in excess of the number needed to satisfy the numerosity requirement. *See e.g.*, *Armes v. Shanta Enterprise*, case no. 07-C5766 (N.D. Ill. July 10, 2009) at DE 91, p. 4 (*citing Swanson v. Am. Consumer Indus.*, 415 F.2d 1326, 1333 n. 9 (7th Cir. 1969)). Joining even a fraction of the class members would be impracticable. Therefore, Plaintiff has satisfied the numerosity requirement.[3]

### B. Commonality.

"Rule 23(a)(2) next requires that there be 'questions of law or fact common to the class.'" *Matthews*, 248 F.R.D. at 215 (*quoting* FED. R. CIV. P. 23(a)(2)). "The commonality requirement is satisfied by showing 'a common nucleus of operative fact.'" *Id*. (*quoting Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)). "Cases dealing with the legality of standardized documents or conduct are generally appropriate for resolution by means of a class action because the document or conduct is the focal point of the analysis." *Cicilline,* 542 F. Supp. 2d at 836 (*citing Heastie v. Community Bank of Greater Peoria,* 125 F.R.D. 669, 675 (N.D. Ill. 1989)).

Here, the common nucleus of operative fact is whether Defendant provided receipts that displayed the expiration dates of credit and debit cards and the common issue of law is whether such conduct constituted a willful violation of Section 1681c(g)(1). Courts in this District have

---

[3] Courts in this District have certified other FACTA classes with estimated class sizes ranging from 200 to more than 1,000,000. *Miller-Huggins*, 2010 WL 658863 at *3 (certifying class of at 1,000 members); *Shurland*, 259 F.R.D. at 158 (certifying class of 6,300 members); *Armes v. Shanta Enterprise*, 2009 WL 2020781 at *2 (certifying class of 5,330 members); *Beringer*, 2008 WL 4390626 at *1 (certifying class of between 15,300 and 751,078 members); *Cicilline*, 542 F. Supp. 2d at 836 (certifying class of perhaps more than 1,000,000); *Harris v. Best Buy,* 2008 WL 4378476 at *5 (certifying class of approximately 195,450 members); *Redmon*, 249 F.R.D. at 294 (certifying class of between 1,000 and 55,823 members); *Matthews*, 248 F.R.D. at 214 (certifying class of at least 20,000 members); *Meehan*, 249 F.R.D. at 286 (certifying class likely numbering in the thousands); *Harris v. Circuit City*, 2008 WL 400862 at *3-4 (recommending certification of class of potentially 110,000 members); *Troy*, 2007 WL 4293014, *2 (N.D. Ill. 12/4/2007) (certifying class of approximately 5,000 members); *Halperin*, 2007 WL 4219419, *1 (N.D. Ill. 11/29/2007) (certifying class of between 200 and 900,000 members).

repeatedly found such common issues to be grounds for certifying FACTA classes. *See e.g.*, *Cicilline*, 542 F. Supp. 2d at 836 (finding that the core conduct applicable to all class members is the defendant's standardized conduct in failure to redact expiration dates from receipts); *Miller-Huggins*, 2010 WL 658863 at *3; *Shurland*, 259 F.R.D. at 158; *Armes v. Shanta Enterprise*, 2009 WL 2020781 at *2-3; *Beringer*, 2008 WL 4390626 at *2; *Harris v. Best Buy*, 2008 WL 4378476 at *5; *Redmon*, 249 F.R.D. at 294; *Matthews*, 248 F.R.D. at 215; *Meehan*, 249 F.R.D. at 286; *Harris v. Circuit City*, 2008 WL 400862 at *5-6; *Troy*, 2007 WL 4293014 at *2; *Halperin*, 2007 WL 4219419 at *2.

### 3. Typicality.

"The third Rule 23(a) requirement is that 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Redmon*, 249 F.R.D. at 294. "'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Matthews*, 248 F.R.D. at 215 (*quoting Keele*, 149 F.3d at 595)).

Here, Plaintiff's claims are typical of the absent class members' claims, because all arose from the same alleged conduct, *i.e.*, Defendant provided all of them receipts that displayed their card expiration dates, and all claims are premised on the same legal theory, *i.e.*, that Defendant willfully violated FACTA. Again, courts have regularly found typicality because the defendants' standard conduct is the focal point of the claim and is universal to each class member. *See, e.g.*, *Cicilline*, 542 F. Supp. 2d at 837 (finding typicality because each class member's claim arose from the same course of conduct, *i.e.*, the defendant's printing of noncompliant receipts); *Miller-Huggins*, 2010 WL 658863 at *3; *Shurland*, 259 F.R.D. at 159; *Armes v. Shanta Enterprise*, 2009 WL 2020781 at *3; *Beringer*, 2008 WL 4390626 at *2; *Harris v. Best Buy*, 2008 WL

4378476 at *6; *Redmon*, 249 F.R.D. at 294-95; *Matthews*, 248 F.R.D. at 215; *Meehan*, 249 F.R.D. at 294-5; *Harris v. Circuit City*, 2008 WL 400862 at *6-7; *Troy*, 2007 WL 4293014 at *2; *Halperin*, 2007 WL 4219419 at *2.

    **4.**       **Adequacy.**

Rule 23(a)(4) requires a plaintiff to show that "'the representative parties will fairly and adequately protect the interest of the class.'" *Redmon*, 249 F.R.D. at 215 (*quoting* FED. R. CIV. P. 23(a)(4)). To satisfy Rule 23(a)(4), a plaintiff must demonstrate: "'(1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously.'" *Matthews*, 248 F.R.D. at 215 (*quoting Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 395 (N.D. Ill. 2006)).

First, there is no conflict or antagonism between Plaintiff and the class members given the identical nature of their claims. *Gammon v. GC Servs.*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (*quoting Riordan*, 113 F.R.D. at 64)). Second, Plaintiff has a clear interest in the successful outcome of the lawsuit as he seeks to recover damages on behalf of himself and the class members. Further, he has already demonstrated his interest in this case by bringing it in the first place. Additionally, Plaintiff will participate in written discovery, depositions and trial. Third, Plaintiff has hired counsel who are active practitioners in consumer class cases with experience, diligence, and commitment to this litigation that will adequately protect the interests of the class.[4]

---

[4] Plaintiff's counsel has been appointed class counsel in other FACTA cases, namely *Armes v. Sogro, Inc.*, case no. 08-C244, 2011 WL 1197537, at *4 (E.D. Wisc. Mar. 29, 2011); *Rogers v. Khatra Petro, Inc.*, case no. 08-C294, 2010 WL 3894100, at *2 (N.D. Ind. Sept. 29, 2010); and *Armes v. Shanta*

## II. PLAINTIFF MEETS THE RULE 23(b)(3) REQUIREMENTS.

A plaintiff seeking certification must also satisfy one of the subparts of Rule 23(b). *Matthews*, 248 F.R.D. at 215. In this case, because Plaintiff seeks certification pursuant to Rule 23(b)(3), he must show: "(1) 'that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members;' and (2) 'that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.'" *Matthews*, 248 F.R.D. at 215-216 (*quoting* FED. R. CIV. P. 23(b)(3)).

### A. Predominance.

"To satisfy the predominance requirement, 'the plaintiff must show that common issues not only exist, but outweigh the individual questions.'" *Redmon*, 249 F.R.D. at 295 (quoting *Troy*, 2007 WL 4293014 at *3)). "The common questions must be central to all claims." *Troy*, 2007 WL 4293014 at *3 (*quoting Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill. 1998)). When "factual allegations are common to all potential plaintiffs and the causes of action resulting from these facts are all the same," the predominance requirement is met. *Redmon*, 249 F.R.D. at 296.

Here, the factual allegations are identical for every class member, namely that each class member received an electronically-printed receipt from Defendant that displayed the expiration date of his or her credit card. Additionally, the cause of action is exactly the same for every class member, namely that Defendant's standardized conduct willfully violates FACTA. There exist

---

*Enterprise*, 2009 WL 2020781 at *3 and has been appointed settlement class counsel in several other FACTA cases, namely *Redman v. Michael Robert Enterprises, Inc.*, case no. 10-C2465 (N.D. Ill.); *Benson v. American Mattress, Inc.*, case no. 08-C7194 (N.D. Ill.); *Redman v. Metropolitan Pier and Exposition Authority*, case no. 08-C1957 (N.D. Ill.); *Armes v. Knights Inn Racine*, case no. 08-CV-243 (E.D. Wisc.); *Barlo v Witham Sav-A-Stop*, case no. 2:08-CV-97-PRC (N.D. Ind.); and *Arbelo v. L&M Produce, Inc.*, case no. 09-C3428 (N.D. Ill.).

no individual differences, thus mandating a finding that common issues predominate. Accordingly, Plaintiff meets the predominance requirement.

      **B.**      **Superiority.**

"Rule 23(b)(3) is designed for situations where 'potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'" *Redmon*, 249 F.R.D. at 296 (*quoting Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)). "'Class treatment is especially appropriate for consumer claims' because such actions often involve common factual and legal questions.'" *Troy*, 2007 WL 4293014 at *4 (*quoting Murray v. New Cingular Wireless Servs., Inc.*, 232 F.R.D. 295, 395-96 (N.D. Ill. 2005)). "FACTA claims are especially well-suited to resolution in a class action." *Matthews*, 248 F.R.D. at 216 (*quoting GMAC*, 434 F.3d at 953)). The Seventh Circuit found FCRA suits particularly well suited for class treatment, because the damages available individually – $100 to $1000 – are too slight an incentive for individual claims but may vindicate substantial damage in the aggregate. *GMAC*, 434 F.3d at 953.

Given that the Seventh Circuit has already expressly found FCRA suits particularly well-suited for class treatment, and Plaintiff's FACTA claim falls under the FCRA, this Court should follow such precedent and certify the class proposed here. Furthermore, judge after judge in this District has rejected all arguments against a finding of superiority in FACTA cases. *See*, *Miller-Huggins*, 2010 WL 658863 at *4-5; *Shurland*, 259 F.R.D. at 161; *Armes v. Shanta Enterprise*, 2009 WL 2020781 at *8; *Beringer*, 2008 WL 4390626 at *6; *Cicilline*, 542 F. Supp. 2d at 841; *Harris v. Best Buy*, 2008 WL 4378476 at *8-9; *Redmon*, 249 F.R.D. at 297; *Matthews*, 248 F.R.D. at 216; *Meehan*, 249 F.R.D. at 288, 2008 WL 548767 at *3; *Harris v. Circuit City*, 2008 WL 400862 at *9-10; *Troy*, 2007 WL 4293014 at *4-5; *Halperin*, 2007 WL 4219419 at *4.

Because Defendant's conduct is the focal point of this lawsuit, the central questions can be answered more efficiently through this single litigation. Additionally, because individual recovery is slight, individual class members, if they even know of their legal rights, are unlikely to pursue individual claims against Defendant. Therefore, this Court should find that a class action is the superior method for adjudicating class members' claims.

## Conclusion

For the foregoing reasons, Plaintiff Scott D.H. Redman requests that this Court certify the following class:

> All persons to whom Radioshack Corporation provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after June 3, 2008, which receipt displayed the expiration date of the person's credit or debit card.

SCOTT D.H. REDMAN, Plaintiff

By: /s Paul F. Markoff
One of Plaintiff's Attorneys

Paul F. Markoff
Karl G. Leinberger
Markoff Leinberger LLC
134 N. LaSalle St., Ste. 1050
Chicago, IL 60602
312.726.4162 (p)
312.277.2507 (f)