# SCOTT REDMAN
## v.
# RADIOSHACK CORPORATION

## Case No. 11 C 6741

## Plaintiffs' Motion for Preliminary Approval of Class Action Settlement Agreement

## Exhibit 1

Settlement Agreement
Redman/Aliano v. RadioShack
Page 1 of 17

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) | |
| Plaintiff, | ) | No. 11 C 6741 |
| | ) | (consolidated with 11 C 7819) |
| v. | ) | |
| | ) | Judge Grady |
| RADIOSHACK CORPORATION, | ) | |
| a Delaware corporation, | ) | Magistrate Valdez |
| Defendant. | ) | |
| _____ | ) | |
| MARIO ALIANO and VICTORIA RADAVICIUTE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RADIOSHACK CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| Defendant. | ) | |

### CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**IT IS HEREBY STIPULATED AND AGREED** by and among Scott D.H. Redman, Mario Aliano and Victoria Radaviciute, individually and on behalf of all others similarly situated, with the assistance and approval of Class Counsel, on the one hand, and RadioShack Corporation, with the assistance of its counsel, on the other hand, as set forth below:

### INTRODUCTION

This Settlement Agreement is made for the sole purpose of consummating settlement of the Lawsuits (as this term and all other capitalized terms are defined in Section 1 below) on a class-wide basis. This Settlement Agreement is made in full compromise and release of all disputed claims in the Lawsuits.

EXHIBIT 1

### NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED

by and among the Class Representatives (for themselves and the Class Members) and Defendant, with the assistance of their respective counsel, that, as among the Settling Parties, and all Class Members, the Lawsuits and the Released Claims shall be finally and fully compromised, settled and released, and the Lawsuits shall be dismissed with prejudice, as to each of the Settling Parties, upon and subject to the terms and conditions set forth herein.

### <u>RECITALS</u>

**WHEREAS**, the Lawsuits were commenced by Plaintiffs, individually and on behalf of all others similarly situated, and are currently pending and unresolved among the Settling Parties;

**WHEREAS**, in the Lawsuits, Plaintiffs allege that Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), specifically 15 U.S.C. § 1681c(g), by providing to Plaintiffs and other consumers electronically-printed receipts that displayed those persons' respective credit or debit card expiration date;

**WHEREAS**, in the Lawsuits, Plaintiffs do not allege any actual damages and seek only statutory damages, attorneys' fees and costs;

**WHEREAS**, Defendant denies Plaintiffs' claims, denies any liability to Plaintiffs and the putative class and denies any wrongdoing of any kind regarding the allegations asserted in the Lawsuits;

**WHEREAS**, the Settling Parties agree that it is desirable that the Lawsuits and the claims alleged therein be settled upon the terms and conditions set forth herein to avoid further expense and uncertain, burdensome and potentially protracted litigation, and to resolve all claims that have been or could have been asserted by Plaintiffs and any Class Members;

**WHEREAS**, the Settling Parties have engaged in extensive arms-length settlement negotiations, and Class Counsel represent that they have otherwise conducted a thorough study and investigation of the law and the facts relating to the claims that have been or might have been asserted in the Lawsuits and have concluded, taking into account the benefits that Plaintiffs and any Class Members will receive as a result of this Settlement Agreement and the risks and delays of further litigation, that this Settlement Agreement is fair, reasonable and adequate and in the best interests of Plaintiffs and Class Members; and

**WHEREAS**, in consideration of the foregoing and other good and valuable consideration, it is hereby stipulated and agreed by and among the Settling Parties that the claims of Plaintiffs and the Settlement Class in the Lawsuits be and are hereby compromised and

Settlement Agreement
Redman/Aliano v. RadioShack
Page 3 of 17

settled, subject to Court approval of this Settlement Agreement, upon the terms and conditions set forth below.

## **DEFINITIONS**

As used in all parts of this Settlement Agreement, the following terms have the meanings specified below:

1.1     "Action Deadline" means the date 90 days after entry of a Preliminary Approval Order or, if such date is not acceptable to the Court, the date set by the Court as the deadline for Class Members to submit claims, exclude themselves from this Settlement Agreement or object to this Settlement Agreement (see paragraphs 2.3(B) and 2.6).

1.2     "Claim Form" means the form attached hereto as **Exhibit A**.

1.3     "Class Counsel" means Paul F. Markoff and Karl G. Leinberger of Markoff Leinberger LLC, and Thomas A. Zimmerman, Jr. and Adam M. Tamburelli of Zimmerman Law Offices, P.C.

1.4     "Class Member" means a person who is a member of the Settlement Class as identified in paragraph 2.1.

1.5     "Class Notice" means the notice to be approved by the Court as set forth in paragraph 2.5.

1.6     "Class Representatives" means Plaintiffs.

1.7     "Class Settlement Administrator" means the third-party class settlement administrator identified in paragraph 2.9(A).

1.8     "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

1.9     "Defendant" means RadioShack Corporation.

1.10     "Defendant Releasees" means Defendant and any parents, subsidiaries and affiliated companies and each of their respective current, former or future owners, officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents, executors, liquidators, administrators, insurers, co-insurers, re-insurers and attorneys.

1.11     "Effective Date" means the date on which the Final Approval Order becomes Final.

1.12     "Escrow Account" means the account described in paragraph 2.2.
1.13     "Escrow Agent" means Garden City Group.

1.14    "Escrow Amount" means the fund described in paragraph 2.2.

1.15    "Fairness Hearing" means a hearing set by the Court for the purpose of: (i) determining the fairness, adequacy and reasonableness of the Settlement Agreement and associated settlement pursuant to class action procedures and requirements; and (ii) entering the Final Approval Order.

1.16    "Final" means the later of (i) the date the Final Approval Order is entered by the Court if no objection(s) is filed; or (ii) the date of expiration for the time for noticing a valid appeal from the Final Approval Order if an objection(s) is filed and an appeal is not noticed; or (iii) the date of final affirmation or dismissal of the last pending appeal if an appeal is noticed.

1.17    "Final Approval Order" means an order to be entered by the Court entitled "Final Approval Order," substantially in the form attached hereto as **Exhibit G**.

1.18    "Lawsuits" means the following lawsuits currently pending in the Court:  *Scott D.H. Redman v. RadioShack Corporation*, case no. 11 C 6741, and *Mario Aliano and Victoria Radaviciute v. RadioShack Corporation*, case no. 11 C 7819, which were consolidated on January 11, 2012.

1.19    "Participating Claimant" means each Class Member who submits a Valid Claim Form.

1.20    "Plaintiffs" means Scott D.H. Redman, Mario Aliano and Victoria Radaviciute.

1.21    "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

1.22    "Preliminary Approval Order" means an order to be entered by the Court, entitled "Preliminary Approval Order," substantially in the form attached hereto as **Exhibit F**.

1.23    "Redemption Deadline" means the date six (6) months after the Effective Date.

1.24    "Settlement Agreement" means this Settlement Agreement and all of its attachments and exhibits, which the Settling Parties understand and agree sets forth all material terms and conditions of the settlement among them and which is subject to Court approval.

1.25    "Settlement Amount" means the amount described in paragraph 2.2.

1.26    "Settlement Class" means the conditional class that the Settling Parties have consented to for purposes of settlement only, as identified in paragraph 2.1.

1.27    Settlement Voucher" means the document described in paragraph 2.3(B).

Settlement Agreement
Redman/Aliano v. RadioShack
Page 5 of 17

1.28    "Settling Parties" or "Parties" means Plaintiffs and Defendant.

1.29    "Store" means any point of sale owned or operated by Defendant in the United States of America.  Excluded from the definition of "Store" are all points of sale located in any RadioShack Authorized Dealer or franchisee location.

1.30    "Valid Claim Form" means a Claim Form that is (a) completed, (b) truthful and signed under penalty of perjury, (c) returned to the Class Settlement Administrator postmarked by the Action Deadline, and (d) determined by the Class Settlement Administrator to be eligible for the recovery set forth in paragraph 2.3(B).  Plaintiffs and Defendant shall have the right to review the eligibility determinations made by the Class Settlement Administrator and, if either Party challenges any eligibility determination, it shall apprise the other Party of the challenge, and the Parties, through their respective counsel, shall meet and confer in good faith in an attempt to resolve any challenged claim.  If the Parties are unable to resolve such a challenge, the Parties shall submit the challenge to the Court for resolution.  The Settling Parties shall each bear their own respective costs associated with any such challenge.

## TERMS AND CONDITIONS

2.1    **The Settlement Class**.  The Settling Parties stipulate to certification of the following class for settlement purposes only:

All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any Store that contained the expiration date of the person's credit or debit card.

Excluded from the Settlement Class are Defendant, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards, as those cards do not contain expiration dates.

2.2    **Settlement Amount / Escrow Amount.**  Defendant agrees to settle all claims covered by this Settlement Agreement for a combination of cash and Settlement Vouchers having a combined value of up to $5,350,000 (the "Settlement Amount"), $3,250,000 of which (the "Escrow Amount") will be paid to Escrow Agent and placed in escrow within two (2) business days after execution of this Settlement Agreement ("Escrow Account").  The Escrow Agent shall disburse the Escrow Amount pursuant to an Escrow Agreement substantially in the form attached as **Exhibit H** hereto.

2.3    **Disbursement.**  As set forth in the Escrow Agreement, Escrow Agent shall disburse the Escrow Amount from the Escrow Account as follows:

A.    Notice and Administration Costs.  Costs of Class Notice (set forth in paragraph 2.5) and Administration (set forth in paragraph 2.9) shall be paid by Escrow Agent at the time the Class Settlement Administrator requests such payment.

     B.    <u>Class Recovery</u>.  If the Court enters a Final Approval Order (<u>see</u> paragraph 2.8 below), each Class Member who submits a Valid Claim Form will receive a Settlement Voucher in the amount of $10.00 redeemable at any Store or at www.RadioShack.com for any product or service, subject to *pro rata* reduction identified below.  Settlement Vouchers include an electronic bar code to be supplied by Defendant to the Class Settlement Administrator upon the Class Settlement Administrator's request, if such bar codes are available from Defendant; otherwise, Settlement Vouchers will include an equivalent method of store credit.  Settlement Vouchers will be emailed to each Participating Claimant who provides an email address with a Valid Claim Form and mailed to each Participating Claimant who does not provide an email address, but provides a postal mailing address, with a Valid Claim Form.  No Class Member will be entitled to more than one Settlement Voucher, regardless of the number of receipts that may have contained the expiration date of the Class Member's debit or credit card or that are claimed by the Class Member.  Each Settlement Voucher:  (1) shall be transferrable; (2) shall be redeemable only at a RadioShack-branded store or online at www.RadioShack.com; (3) shall be redeemable until the Redemption Deadline; (4) shall have no cash value; (5) shall not be replaced if lost, stolen or damaged; and (6) may be used only once, even if the user does not use the full amount of the credit available on the Settlement Voucher at one time.  Up to three Settlement Vouchers can be aggregated for use at one time.  No change will be provided for the purchase of products or services using any one or more (but not more than three) Settlement Vouchers having a price lower than the total value of the Settlement Vouchers used.

     Each Settlement Voucher issued to a Class Member pursuant to this paragraph 2.3(B) or to the *cy pres* recipient pursuant to paragraph 2.3(E) shall have a value of $10.00.  If claims for Settlement Vouchers, multiplied by $10.00, totals an amount in excess of the Settlement Amount remaining after all the deductions that are to be made pursuant to paragraphs 2.3(A), 2.3(C) and 2.3(D) have been taken into account, the amount of the Settlement Vouchers shall be reduced *pro rata*, and their value shall be reduced *pro rata* as well.  The total value of all Settlement Vouchers issued up to the Escrow Amount shall be wire-transferred to Defendant on the date the Settlement Vouchers are sent to Participating Claimants.

     C.    <u>Payment to Class Representatives</u>.  If the Court enters a Final Approval Order (<u>see</u> paragraph 2.8 below), Class Representatives shall be paid $5,000 each for their individual claims and as an incentive award for their services as Class Representatives.

     D.    <u>Payment to Class Counsel</u>.  If the Court enters a Final Approval Order (<u>see</u> paragraph 2.8 below), Class Counsel shall be paid $1,000,000 (18.69% of the Settlement Amount) as compensation for their reasonable attorneys' fees and costs as set forth in paragraph 2.9 below.  Defendant shall not contest any request by Class Counsel for an amount equal to or less than $1,000,000 (18.69% of the Settlement Amount) as payment for attorneys' fees and costs.

E.  <u>Cy Pres</u>.  If the Court enters a Final Approval Order (<u>see</u> paragraph 2.8 below), and if the total amount paid under paragraphs 2.3(A), 2.3(B), 2.3(C) and 2.3(D) totals less than $3,250,000, Settlement Vouchers having a combined total value that is equivalent to the difference between such total and $3,250,000 will be provided to the independent, 501(c)(3) organization of the Boys & Girls Club of America (or such other independent, non-profit 501(c)(3) organization that the Parties agree to and the Court approves).  Settlement Vouchers provided to the *cy pres* recipient will take the same form and will carry the same rights and limitations on their use as the Settlement Vouchers issued to Participating Claimants.  Any accrued interest or any other cash that remains in the Escrow Amount after the transactions set forth in paragraphs 2.3(A), 2.3(B), 2.3(C), 2.3(D) and 2.3(E) have been completed and accounted, shall be wire-transferred by the Escrow Agent to RadioShack pursuant to the procedures outlined in **Exhibit H**.

F.  If the Court does not enter a Preliminary Approval Order (<u>see</u> paragraph 2.7 below), the Escrow Amount shall be paid to Defendant and none of the disbursements set forth in paragraph 2.3(A), 2.3(B), 2.3(C), 2.3(D) and 2.3(E) shall be made.

2.4  **Release**.

A.  <u>Release by Plaintiffs and Class and Class Counsel</u>.  Except for the obligations created by this Settlement Agreement, Plaintiffs, Class Counsel and each Class Member that has not excluded himself or herself from the Class (for themselves and their respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) remise, release and forever discharge the Defendant Releasees from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown that were brought or that could have been brought in the Lawsuits and waive all rights against the Defendant Releasees with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past or present, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating in any way to the claims made or that could have been made by Plaintiffs in the Lawsuits or relating in any way to the alleged printing of expiration dates on credit or debit card receipts or relating in any way to FACTA (the "Released Claims"), provided further that, in exchange for the good and valuable consideration set forth herein, Plaintiffs, on behalf of themselves and the Class Members, waive any and all rights or benefits that they as individuals or the class may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Lawsuits, or which could have been set forth in the Lawsuits, under the terms of Section 1542(a) of the California Civil Code, which provides as follows:  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER

MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR; provided, however, that this release and waiver by Plaintiffs, Class Counsel and each Class Member shall be effective only upon full and timely performance of Settling Parties' obligations under this Settlement Agreement.

B.  <u>Release by Defendant</u>.  Except for the obligations created by this Settlement Agreement, Defendant (and each of its current and former officers, directors, managers, shareholders, employees, predecessors, successors, assigns, agents and attorneys) remises, releases and forever discharges Plaintiffs and Class Members (and each of their current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) from any and all claims, charges, complaints, demands, judgments, causes of action, rights of contribution and indemnification, attorneys' fees, costs and liabilities of any kind, whether known or unknown, arising from the investigation, filing or prosecution of the Lawsuits; provided, however, that this release and waiver by Defendant shall be effective only upon full and timely performance of Settling Parties' obligations under this Settlement Agreement.

2.5  **Class Notice.**

A.  <u>First Class Mail</u>.  The Class Settlement Administrator shall cause Postcard Notice (**Exhibit B** hereto) to be sent, by first-class postcard, address service requested, to each Class Member for whom Defendant has a last known physical address and does not have an email address no later than 21 days after entry of a Preliminary Approval Order (<u>see</u> paragraph 2.7), which notice shall be sent to the Class Members' respective last known physical address, as reflected in Defendant's records and checked in the National Change of Address database.  If any of the foregoing mailings are returned, and a possible new address is noted on the returned mailings, the Class Settlement Administrator shall resend the mailings to the newly-noted addresses within seven (7) days following its receipt of any such returned mail.

B.  <u>Email</u>.  The Class Settlement Administrator shall cause Email Notice (**Exhibit C** hereto) to be sent, by electronic mail, to each Class Member for whom Defendant has an email address no later than 21 days after entry of a Preliminary Approval Order (<u>see</u> paragraph 2.7), which notice shall be sent to the Class Members' respective last known email address, as reflected in Defendant's records.  In the event Defendant has both a street address and an email address for a Class Member, notice shall be sent solely by electronic mail; provided, however, that if the Email Notice to any Class Member is returned as undeliverable, Postcard Notice shall be sent to that Class Member if Defendant has a physical address for that Class Member.

C.  <u>Print publication</u>.  The Class Settlement Administrator shall cause Publication Notice (**Exhibit D** hereto) to be published consistent with the Notice Plan attached hereto as **Exhibit I** and commencing as soon as possible after entry of a Preliminary Approval Order in accordance with the publication submission deadline of the relevant publications.

D. <u>Website</u>. The Class Settlement Administrator shall establish and maintain a website, on which it shall post the Full Notice (**Exhibit E** hereto), provide a mechanism for submitting claims electronically, provide a mechanism for Class Members to download Claim Forms and provide a toll-free number that Class Members can call to obtain Claim Forms or be directed to Class Counsel with inquiries. The website shall be established within 20 days after entry of a Preliminary Approval Order and be maintained until 150 days after the Effective Date.

E. <u>www.radioshack.com</u>. Defendant shall post, on the bottom left-hand corner of the home page of its website, www.radioshack.com, a link, in the form of a box that states "RadioShack Credit/Debit Card Class Action Settlement-Click Here," which shall link to the website maintained by the Class Settlement Administrator (<u>see</u> paragraph 2.5(D) above). The box shall be at least as tall as the social media buttons on Defendant's homepage and the text shall be at least as large as the bolded headings at the bottom of Defendant's homepage (e.g., "WHERE'S YOUR ORDER"). The link shall be established within 21 days after entry of a Preliminary Approval Order and be maintained through the Action Deadline.

F. <u>Exclusivity</u>. The forms of notice described in this paragraph 2.5 shall be the sole and exclusive forms of notice to the Class and no other forms of notice of the Settlement shall be required or permitted except by Court order; provided, however, that Class Counsel may post the approved Claim Form (Exhibit A) and the Full Notice (Exhibit E) on their respective websites.

G. <u>Class List</u>. Within five (5) days after entry of a Preliminary Approval Order, Defendant shall provide, at Defendant's expense to the Class Settlement Administrator and to Class Counsel, a list of Class Members (which list it shall provide in electronic, searchable form) for whom Defendant has a last known mailing address (with mailing address included) and/or email address (with email address included). Class Counsel shall use this information solely for verifying the identity of Class Members in the event Class Counsel receives inquiries regarding the settlement from persons purporting to be Class Members. The Class List shall be kept confidential by both the Class Settlement Administrator and Class Counsel, and all copies of the Class List shall be returned to Defendant or destroyed immediately following the Redemption Deadline.

H. <u>Costs</u>. All costs of Class Notice shall be paid consistent with paragraph 2.3 from the Escrow Amount as such costs are incurred and as requested by the Class Settlement Administrator, except that the costs of providing notice on Defendant's website pursuant to paragraph 2.5(E) shall be borne by Defendant independent of and in addition to the Settlement Amount.

I. <u>CAFA</u>. Within ten (10) days after moving for a Preliminary Approval Order and at its expense, Defendant shall provide notice of this settlement to the appropriate government authorities pursuant to 28 U.S.C. § 1715(b).

2.6 **Opt-Out/Exclusion/Right to Object/Participation**.

  A. <u>Opt-Out/Exclusion</u>. Any Class Member may exclude himself or herself from this Settlement Agreement and from the Settlement Class by submitting a written request, executed by the Class Member, to the Class Settlement Administrator, which shall include the requester's name, current address, date, signature and a statement to the effect of "I want to be excluded from the *Redman/Aliano v. RadioShack* Settlement." Exclusion requests must be post-marked by the Action Deadline. Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement and not be entitled to any of its benefits. If 10,000 or more Class Members properly exclude themselves from the Settlement Class pursuant to this paragraph 2.6(A), then Defendant has the option to terminate this Settlement Agreement upon written notice to all other Settling Parties within 14 days after the Action Deadline.

  B. <u>Objection</u>. Any Class Member may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice. Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorneys' fees and costs. Except as the Court may order otherwise, no Class Member objecting to the Settlement shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Class Member shall be received and considered by the Court unless such Class Member shall both file with the Court and mail to Class Counsel and counsel for Defendant a written objection with the caption *Redman/Aliano v. RadioShack,* No. 11 C 6741, that includes: (a) the Class Member's full name and current address; (b) a signed declaration that he or she is a member of the Settlement Class and that identifies the Store where the Class Member made a credit/debit card purchase and approximate date of his/her purchase at the Store; (c) the specific grounds for the objection; (d) all documents or writings that such Class Member desires the Court to consider; and (e) a notice of intention to appear (if any). All written objections shall be filed and postmarked no later than the Action Deadline. Any member of the Settlement Class who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in these Lawsuits or in any other action or proceeding. Any member of the Settlement Class not otherwise excluded who objects in the manner prescribed and whose objection is rejected by the Court remains a member of the Settlement Class and is bound by the terms and conditions of this Settlement Agreement.

  2.7 **Preliminary Approval Order.** As soon as practicable after execution of this Settlement Agreement, Plaintiffs shall seek an order from the Court that:

  A. preliminarily approves this Settlement Agreement;

  B. conditionally certifies for purposes of settlement the Settlement Class as defined in paragraph 2.1;

  C. schedules a hearing for final approval of this Settlement Agreement by the Court; and

      D.      approves the form and manner of notice to the Settlement Class as set forth in paragraph 2.5 and finds that such notice satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable law and finds that no further notice to the Class is required.

Plaintiffs shall request the form of Preliminary Approval Order attached hereto as **Exhibit F.** The fact that the Court may require changes to the Preliminary Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

      2.8.    **Final Approval Order**.  At the conclusion of, or as soon as practicable after, the close of the Fairness Hearing, Plaintiffs shall request that the Court enter a Final Approval Order approving the terms of this Settlement Agreement as fair, reasonable and adequate; providing for the implementation of its terms and provisions; finding that the notice given to the Class satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; dismissing the claims of Plaintiffs and the Class without prejudice and without costs, which dismissal shall automatically convert to a dismissal with prejudice exactly six (6) months after the Effective Date; and enjoining, from the date of entry of the Final Approval Order, all persons from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class, if such other lawsuit is based on or related to the Released Claims and causes of action, or the facts and circumstances related to the Lawsuits; provided, however, that if Defendant files for bankruptcy protection prior to six (6) months after the Effective Date, the conversion to a dismissal with prejudice will be stayed until such time as the Settling Parties perform all of their respective obligations under this Settlement Agreement.  Plaintiffs shall request the form of Final Approval Order attached hereto as **Exhibit G.**  The fact that the Court may require changes to the Final Approval Order will not invalidate this Settlement Agreement if the changes do not materially modify this Settlement Agreement.

      2.9    **Administration**.

      A.    <u>Settlement Administration</u>.  Garden City Group shall be retained to act as a third-party Class Settlement Administrator to provide Class Notice, process Claim Forms, and distribute benefits to Class Members; provided, however, that if the Court requires retention of a different Class Settlement Administrator, the Settling Parties will abide by that determination.  The Class Settlement Administrator shall establish and maintain a toll-free number that allows Class Members to call and receive Claim Forms and be directed to Class Counsel with questions.  The toll-free number shall be established within 20 days of entry of a Preliminary Approval Order and shall be maintained until 120 days after the Effective Date.

      B.    <u>Eligibility</u>.  The Class Settlement Administrator shall determine whether a Claim Form is a Valid Claim Form as defined above.  If the Class Settlement

Administrator receives an incomplete Claim Form or one that otherwise cannot be verified, but that is otherwise timely submitted, the Class Settlement Administrator shall contact the claimant and request such information as is needed to correct the deficiency. In order to avoid fraudulent claims, the Class Settlement Administrator can recommend that claimants be asked to provide additional information such as specific store information, the last four digits of the credit card that a claimant believes was used for his or her purchase, and/or the transaction number and store number listed on the receipt for his or her purchase. Either Plaintiffs or Defendant can authorize the Class Settlement Administrator to request such additional information. The Class Settlement Administrator and potential claimants shall have two weeks following the Action Deadline in which to correct any deficiencies in, or provide any additional information for, a Claim Form so long as such Claim Form was properly filed by the Action Deadline. If the deficiency is not corrected or additional information is not provided within 14 days following the Action Deadline or cannot be corrected by the Class Settlement Administrator, the Claim Form will not be considered a Valid Claim Form.

C. <u>Distribution of Class Recovery</u>. Within 21 days after the Effective Date, the Class Settlement Administrator shall acquire and send to each Participating Claimant his or her Settlement Voucher. All costs of distribution of the class recovery will be paid from the Escrow Amount consistent with paragraph 2.3.

D. <u>Distribution of Plaintiffs' Recovery</u>. Within 21 days after the Effective Date, the payments to the Class Representatives as set forth in paragraph 2.3(C) shall be made.

E. <u>Payment to Class Counsel.</u> Within 21 days after the Effective Date, payment of $500,000 to Class Counsel (or one-half of the amount due to Class Counsel as set forth in paragraph 2.3(D)) shall be made from the Escrow Amount. Upon the Parties' releases set forth in paragraph 2.4 becoming effective, payment of $500,000 (or the remaining one-half of the amount due to Class Counsel as set forth in paragraph 2.3(D)) shall be made from the Escrow Amount.

F. <u>Distribution to *Cy Pres*</u>. Within 21 days after the Effective Date, the Class Settlement Administrator shall acquire and send to the *cy pres* recipient (<u>see</u> paragraph 2.3(E) above) its Settlement Voucher(s).

G. <u>Costs</u>. Costs of administration set forth in this paragraph 2.9 shall be paid consistent with paragraph 2.3 from the Escrow Amount as such costs are incurred and as requested by the Class Settlement Administrator. The Class Representative, Class Members and Class Counsel shall have no responsibility for any costs related thereto.

2.10 **Release of Attorney's Lien**. In consideration of this Settlement Agreement, upon the Parties' releases set forth in paragraph 2.4 becoming effective, Class Counsel hereby waive, discharge and forever release Defendant from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Class Counsel in connection with the Lawsuits. If any Party or his/her/its counsel is compelled to prosecute any further proceedings to obtain

Settlement Agreement
Redman/Aliano v. RadioShack
Page 13 of 17

compliance with this Settlement Agreement, and prevail in such proceedings, the prevailing Party shall be entitled to reasonable attorneys' fees and costs related to any such proceedings.

2.11 **No Admission of Liability**. Whether or not this Settlement Agreement is consummated, this Settlement Agreement and all proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession by Defendant of a violation of FACTA, knowing, intentional, reckless or otherwise, or any other liability or wrongdoing whatsoever, which liability or wrongdoing is expressly denied by Defendant.

2.12 **Notices**. Notices regarding this Settlement Agreement directed to Plaintiffs' and Class Counsel shall be sent to:

> Paul F. Markoff
> Markoff Leinberger LLC
> 134 N LaSalle St Ste 1050
> Chicago IL 60602
> Fax: 312.674.7272
>
> -and-
>
> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices, P.C.
> 77 W Washington St Ste 1220
> Chicago IL 60602
> Fax: 312.440.4180

Notices regarding this Settlement Agreement directed to Defendant's Counsel shall be sent to:

> James R. Daly
> Jones Day
> 77 W Wacker Dr
> Chicago IL 60601
> Fax: 312.782.8585

The persons and addresses designated in this paragraph may be changed by written notice to the other signatories hereto.

2.13 **Counterparts**. This Settlement Agreement may be signed in counterparts, in which case the various counterparts shall constitute one instrument for all purposes. The signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies, facsimiles or scanned copies of the signature pages of this Settlement Agreement may be treated as originals.

2.14 **Nullification**. The Settling Parties have agreed to resolve the Lawsuits through this Settlement Agreement; however, to the extent this Settlement Agreement is not approved or

Settlement Agreement
Redman/Aliano v. RadioShack
Page 14 of 17

the Effective Date does not occur, the Settling Parties do not waive, but rather expressly reserve, all rights to present any claims and defenses in the Lawsuits.

2.15 **Binding Agreement**. Each and every term of this Settlement Agreement shall be binding upon and shall inure to the benefit of the Settling Parties and each of their respective current and former heirs, executors, administrators, parents, subsidiaries and affiliated companies, officers, directors, managers, shareholders, partners, employees, predecessors, successors, assigns, agents, insurers, co-insurers, re-insurers and attorneys, all of whom/which persons and entities are intended to be beneficiaries of this Settlement Agreement.

2.16 **Governing Law**. This Settlement Agreement (and any exhibits hereto) shall be considered to have been negotiated, executed and delivered, and to have been wholly performed in the State of Illinois, and the rights and obligations of the Settling Parties to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal substantive laws of the State of Illinois without giving effect to Illinois choice of law principles.

2.17 **Retention of Jurisdiction**. The Court shall retain jurisdiction over this matter until the Lawsuits are dismissed with prejudice.

2.18 **Interpretation**. The Settling Parties acknowledge that they have had an equal opportunity to participate in the drafting of this Settlement Agreement and that each Settling Party and its counsel reviewed and negotiated the terms and provisions of this Settlement Agreement and have contributed to its revisions. Therefore, in any dispute over the construction or interpretation of this Settlement Agreement, the Settling Parties agree and understand that the Settlement Agreement shall be construed fairly as to all Settling Parties and shall not be construed against any Settling Party on the basis of authorship. The Settling Parties further agree that in this Settlement Agreement the singular shall include the plural and vice versa where the context so requires.

2.19 **Entire Agreement**. This Settlement Agreement constitutes the entire agreement of the Settling Parties hereto as to the matters raised herein. The undersigned acknowledge that there are no communications or oral understandings contrary to, in addition to, or different from the terms of this Settlement Agreement and that all prior agreements or understandings within the scope of the subject matter of this Settlement Agreement are, upon execution of this Settlement Agreement, superseded and merged into this Settlement Agreement and shall have no effect. This Settlement Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the Settling Parties and their respective counsel. The negotiation, terms and entry of this Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and applicable state law(s).

2.20 **Authority**. The persons signing this Settlement Agreement hereby represent and warrant that they have read this Settlement Agreement, that they know and understand its terms, that they have consulted with counsel with respect hereto, that they have signed this Settlement Agreement freely, and that they intend that they and/or or any person or entity on whose behalf they are signing this Settlement Agreement will be fully bound by all the terms and provisions of this Settlement Agreement. Such persons further represent and warrant that they are competent

to sign this Settlement Agreement and that, as necessary, all corporate or other legal formalities have been followed such that they have full authority to execute this Settlement Agreement on behalf of the person or entity for whom or for which they are signing this Settlement Agreement in a representative capacity.

      2.21   **Headings**.  The headings of the several sections and paragraphs hereof are for convenience only and do not define or limit the contents of such sections or paragraphs.

      2.22   **Severability**.  In case any one or more of the provisions contained in this Settlement Agreement shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected and/or impaired thereby; provided, however, that if the release provisions in paragraphs 2.4 and 2.10 are determined to be invalid, illegal or unenforceable in any respect, they are not severable and this Settlement Agreement shall be void.

      2.23   **Sale of Assets / Change of Brand.**  If Defendant enters into an agreement to sell or otherwise transfer a material portion of its assets prior to the Redemption Deadline, said agreement must include as a condition precedent to the sale or other transfer, an agreement by the buyer(s)/transferee(s) to accept for redemption the Settlement Vouchers issued pursuant to the terms of this Settlement Agreement under the same terms and conditions as set forth in this Settlement Agreement.  If Defendant changes the trade name under which it operates, Defendant agrees to continue to accept for redemption the Settlement Vouchers issued pursuant to the terms of this Settlement Agreement under the same terms and conditions as set forth in this Settlement Agreement.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Settlement Agreement
Redman/Aliano v. RadioShack
Page 16 of 17

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative

By: _____     5/16/2013
        Scott D.H. Redman                                        Date

Approved as to form and paragraph 2.10:

By: _____     5/16/2013
        Paul F. Markoff                                          Date
        Karl G. Leinberger
        Markoff Leinberger LLC
        134 N LaSalle St Ste 1050
        Chicago, IL 60602
        *Counsel for Plaintiff Redman and the Class Members*

**MARIO ALIANO,**
Plaintiff and Class Representative

By: _____     ___/___/_____
        Mario Aliano                                            Date

**VICTORIA RADAVICIUTE,**
Plaintiff and Class Representative,

By: _____     ___/___/_____
        Victoria Radaviciute                                    Date

Approved as to form and paragraph 2.10:

By: _____     ___/___/_____
        Thomas A. Zimmerman, Jr.                                Date
        Adam M. Tamburelli
        Zimmerman Law Offices, P.C.
        77 W Washington St Ste 1220
        Chicago, IL 60602
        *Counsel for Plaintiffs Aliano and Radaviciute and the Class Members*

Settlement Agreement
Redman/Aliano v. RadioShack
Page 16 of 17

**IN WITNESS WHEREOF**, the Settling Parties hereto, have so agreed on the dates noted below.

**SCOTT D.H. REDMAN,**
Plaintiff and Class Representative

By: _____     ___/___/_____
        Scott D.H. Redman                                      Date

Approved as to form and paragraph 2.10:

By: _____     ___/___/_____
        Paul F. Markoff                                            Date
        Karl G. Leinberger
        Markoff Leinberger LLC
        134 N LaSalle St Ste 1050
        Chicago, IL 60602
        *Counsel for Plaintiff Redman and the Class Members*

**MARIO ALIANO,**
Plaintiff and Class Representative

By: _____     5/15/13
        Mario Aliano                                               Date

**VICTORIA RADAVICIUTE,**
Plaintiff and Class Representative,

By: _____     5/15/13
        Victoria Radaviciute                                    Date

Approved as to form and paragraph 2.10:

By: _____     5/15/13
        Thomas A. Zimmerman, Jr.                          Date
        Adam M. Tamburelli
        Zimmerman Law Offices, P.C.
        77 W Washington St Ste 1220
        Chicago, IL 60602
        *Counsel for Plaintiffs Aliano and Radaviciute and the Class Members*

Settlement Agreement
Redman/Aliano v. RadioShack
Page 17 of 17

**RADIOSHACK CORPORATION,**
Defendant

By: _____         Date  5/16/13
Robert Donohoo
Its:   General Counsel and Corporate Secretary


Approved as to form:

_____         Date  5/16/13
James R. Daly
Irene S. Fiorentinos
Elizabeth H. Jenkins
Jones Day
77 W Wacker Dr
Chicago IL 60601
*Counsel for Defendant*


CHI-1889879v1

# CLAIM FORM

**FILE YOUR CLAIM ONLINE AT WWW.SHACKSETTLEMENT.COM
OR MAIL THIS COMPLETED CLAIM FORM NO LATER THAN XXXXX XX, 2013 TO:**

**RadioShack Project Administration
c/o GCG
P.O. Box 35044
Seattle, WA 98124-3508
Toll-Free: 1 (855) 590-8701**

## I.    CLAIMANT INFORMATION

**Name**

| Last Name | | | | | | | | | | | | | | | | | | | |
| First Name | | | | | | | | | | | | | | | | | | | |

**Address:**

| Line 1: | | | | | | | | | | | | | | | | | | | |
| Line 2: | | | | | | | | | | | | | | | | | | | |
| City/St/Zip | | | | | | | | | | | | | | | | | | | |

**E-Mail Address (if you have one):**

**Day Time Phone (area code-number):**

| Telephone | | | | - | | | | - | | | | |

## II.    PURCHASE INFORMATION

To support your claim, please provide the purchase information requested below for any purchase for which you paid by credit or debit card and received an electronically-printed receipt containing the expiration date of your credit or debit card. **Please Note: Each Class Member who submits a Valid Claim Form will be entitled to receive ONLY ONE (1) $10.00 RadioShack Settlement Voucher no matter how many purchases were made.** Excluded from the Class are transactions conducted with business credit or debit cards, and transactions made with RadioShack branded debit or credit cards.  The Claims Administrator may contact you to obtain additional information regarding your purchase to verify your claim.

**MONTH AND YEAR YOU BELIEVE YOU MADE YOUR PURCHASE:** _____

**CREDIT CARD TYPE YOU BELIEVE YOU USED:** _____

**CITY AND STATE WHERE YOU MADE YOUR PURCHASE:** _____

**I hereby certify under penalty of perjury that:**

a.   Between August 24, 2010 and November 21, 2011, I paid by credit or debit card for products or services at a RadioShack store and received an electronically-printed receipt from the store.

b.   The information contained in this Claim Form is true and correct to the best of my knowledge, information, and belief.

**YOU MUST SIGN OR YOUR CLAIM WILL BE REJECTED.**

EXHIBIT A

_____          _____
Signature                                                                          Date

**RadioShack**

**Notice of Class Action Settlement**
*Redman/Aliano v. RadioShack Corporation*, No. 11 C 6741 (N.D. Ill.)
**Please read this carefully. It may affect your legal rights.**
www.shacksettlement.com

To:    All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any RadioShack store that contained the expiration date of the person's credit or debit card. Excluded are RadioShack, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards.

The Plaintiffs in this lawsuit allege that the Defendant wrongly printed the expiration date of credit or debit card numbers on customer receipts in violation of the Fair and Accurate Credit Transactions Act. Defendant denies it is liable to Plaintiffs or the class.

If you are a member of the class, you can submit a claim to receive a $10.00 RadioShack voucher. You must submit a claim form to receive a benefit. You can also object to the proposed settlement or exclude yourself from the class by sending a letter so stating, or you can appear in the case. The deadline to act is **[----------------------]**. If you do not exclude yourself from the class, the court's judgment will be binding on you.

This is an abbreviated version of the full class notice. Please visit www.shacksettlement.com for more information and to submit a claim on line. For more information, you may also contact Plaintiffs' attorneys at 312.726.4162.

DO NOT CONTACT THE COURT FOR INFORMATION,
AS IT WILL NOT BE ABLE TO ASSIST YOU



**To:**                                  class members
**Subject:**                             Redman/Aliano v. Radioshack Class Action Settlement


Please read the message below regarding a class action settlement of a lawsuit against RadioShack Corporation. It is time sensitive and may affect your legal rights. You can also go to www.shacksettlement.com to view the notice and submit a claim.

**[paste web notice here]**

EXHIBIT C

**RADIOSHACK**
**NOTICE OF CLASS ACTION SETTLEMENT REGARDING**
**DEBIT/CREDIT CARD RECEIPTS**

*Redman v. RadioShack Corporation*, Case No. 11 C 6741
U.S. District Court, Northern District of Illinois Eastern Division
www.shacksettlement.com

To: All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any RadioShack store at a time when the Store at which the person made his or her payment may have provided the person with an electronically-printed receipt containing the expiration dates of the person's credit or debit card. Excluded are RadioShack, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards.

**This may affect your legal rights.**

The Plaintiffs in this lawsuit allege that Defendant RadioShack Corporation wrongly printed the expiration date of credit or debit card numbers on customer receipts in violation of the Fair and Accurate Credit Transactions Act. Defendant denies it is liable to Plaintiffs or the class. The parties agreed to settle this lawsuit, in which Class Members have an opportunity to receive a $10 RadioShack voucher.

You may submit a claim online at **www.shacksettlement.com** or can call the Class Settlement Administrator at ---.---.---- to obtain a claim form. You must submit a claim to receive a benefit.

You can also object to the proposed settlement, exclude yourself from the class be sending a letter so stating or appear in the case. The deadline to act is **[----------------------]**. If you do not exclude yourself from the class, the court's judgment will be binding.

This is an abbreviated version of the full class notice. Please visit **www.shacksettlement.com** for more information and to submit a claim, or call the Class Settlement Administrator at ---.---.---- to receive a claim form by mail.

**DO NOT CONTACT THE COURT FOR INFORMATION,
AS IT WILL NOT BE ABLE TO ASSIST YOU**



*REDMAN/ALIANO V. RADIOSHACK CORPORATION*

**NOTICE OF CLASS ACTION SETTLEMENT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

- TO:    All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any RadioShack store that contained the expiration date of the person's credit or debit card  ("Class" or "Class Members").

- Eligible stores consist of any point of sale owned or operated by RadioShack Corporation ("Defendant") in the United States of America ("Stores").  Excluded from the definition of "Store" are all points of sale located in any RadioShack Authorized Dealer location.

- Excluded from the Class are Defendant, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards, as those cards do not contain expiration dates.

- The settlement resolves a lawsuit over whether Defendant violated certain requirements imposed by the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681, *et seq.* ("FACTA").  This settlement avoids the future costs and risks associated with continuing litigation and entitles consumers like you the opportunity to submit a claim for a $10.00 voucher that can be used for products or services at any Store ("Settlement Benefits").

- Your legal rights are affected whether you act or not.  Read this notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get Settlement Benefits (a $10.00 RadioShack Settlement Voucher). |
| **EXCLUDE YOURSELF** | Receive no Settlement Benefits but retain your right to sue about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Receive no Settlement Benefits.  Give up rights. |

- These rights and options – and the deadlines to exercise them – are explained in this Notice.

- The court in charge of this case still has to decide whether to approve the settlement.  Settlement Benefits will be distributed if the court approves the settlement and after appeals, if any, are resolved.  Please be patient.

**1.     What is this lawsuit about?**

Scott D.H. Redman, Mario Aliano and Victoria Radaviciute ("Plaintiffs"), on behalf of all members of the Class, have asserted that Defendant violated certain requirements imposed by FACTA.  Specifically, Plaintiffs claim that Defendant printed the expiration date of credit or debit cards on receipts provided to Class Members and that such actions were in violation of FACTA.  Plaintiffs have not alleged any actual monetary damage.  In the absence of actual monetary damages, in order for Plaintiffs to prevail, the court would have to find that Defendant willfully violated FACTA.  Defendant denies any liability or wrongdoing.  The parties have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement") with Plaintiffs in an effort to resolve this lawsuit without the need for a trial.  For more information, you may contact Plaintiffs' attorneys ("Class Counsel") at 312.726.4162.

**2.     Why is this a class action?**

In a class action, one or more people called Class Representatives (in this case, Plaintiffs) sue on behalf of a group of people who have similar claims.  The people with similar claims are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

EXHIBIT E

**3.       Why is there a settlement?**

The court did not decide in favor of Plaintiffs or Defendant.  Plaintiffs think they would have prevailed at a trial.  Defendant thinks it would have prevailed at a trial.  There was no trial.  Instead, both sides agreed to a settlement.  That way, they avoid the cost of a trial, and the people affected will get compensation.  The Class Representatives and their attorneys think the settlement is best for all Class Members.

**4.       How do I know if I am part of the settlement?**

Everyone who fits the following description is a Member of the Class:

> All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any Store that contained the expiration date of the person's credit or debit card.  Excluded from the Settlement Class are Defendant, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards, as those cards do not contain expiration dates.

**5.       What does the settlement provide?**

Class Members can submit a claim to receive a $10.00 RadioShack Settlement Voucher redeemable at any RadioShack Store, as identified in this Notice, or online at www.radioshack.com for any product or service ("Settlement Voucher").  No Class member will be entitled to more than one Settlement Voucher, regardless of the number of receipts that may have contained the expiration date of the Class Member's debit or credit card or that are claimed by the Class Member.  Each Settlement Voucher:  (1) shall be fully transferrable to any person; (2) shall be redeemable only at a RadioShack-branded store or online at www.radioshack.com; (3) shall be redeemable until the Redemption Deadline (six (6) months after the Effective Date of the settlement); (4) shall have no cash value; (5) shall not be replaced if lost, stolen or damaged; and (6) may be used only once, even if the user does not use the full amount of the credit available on the Settlement Voucher at one time.  Up to three (3) Settlement Vouchers may be aggregated for use at one time.  No change will be provided for the purchase of items using the Settlement Voucher having a price lower than the balance of the Settlement Voucher.

If claims for Settlement Vouchers exceed $5,350,000 ("Settlement Amount") after deducting certain other payments (see following paragraph), the amount of each Settlement Voucher will be reduced *pro rata*.

The Settlement Agreement also requires, among other things, that the following will be deducted from the Settlement Amount: (a) $5,000 paid to each Plaintiff for their individual claims and their services as Class Representatives; (b) up to $1,000,000 (18.69% of the Settlement Amount) to Class Counsel for attorneys' fees and costs; and (c) costs for notifying Class Members of the settlement, administering the settlement and distributing Settlement Benefits.

**6.       How can I get a Settlement Benefit?**

You must submit a completed claim form by [-------------].  You can click here to submit a claim on line, or you can click here to download a claim form to submit by mail, or you can call [------------------] to have a claim form mailed to you.  In any case your claim form must be submitted (or mailed) by [--------------------------].

**7.       When would I get my Settlement Benefit?**

The Court will hold a hearing on ----------------------------, 2013 at ----------. at the U.S. District Court, 219 S. Dearborn St., Courtroom 1041, Chicago, IL 60604, to decide whether to finally approve the settlement.  If the Court approves the settlement, somebody may appeal the decision, which could take more than a year to resolve.  Please be patient.  If the Court approves the settlement and nobody objects to the settlement, Settlement Benefits will be distributed within 21 days of the Court's approval.

**8.       What am I giving up to get Settlement Benefits and stay in the Class?**

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in *this lawsuit*.  It also means that all of the Court's orders will apply to you and legally bind you.

**9.       Can I exclude myself from the Class?**

Yes.  If you do not want to participate in the settlement or receive any Settlement Benefits, you must notify the Class Settlement Administrator in writing of your intention to be excluded (opt out).  Your election to opt out must contain the following information: your name, your current address, your signature, a statement clearly stating words to the effect of "I want to be excluded from the *Redman/Aliano v. RadioShack* Settlement", and the date.  You must mail your exclusion request postmarked no later than ---------------------- to the following:

------------------

--------------------

If you exclude yourself, you will not get any Settlement Benefits and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) Defendant in the future.

**10.      How can I object to the settlement?**

You can object to the settlement if you do not like any part of it.  You must give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must submit a written objection with the caption *Redman/Aliano v. Radioshack*, No. 11 C 6741, that includes:  (a) your full name and current address; (b) a signed declaration that you are a member of the Class and that identifies the Store where you made the credit/debit card purchase and approximate date of your purchase at the Store; (c) the specific grounds for the objection; (d) all documents or writings that you desire the Court to consider; and (e) a notice of intention to appear, if any, at the Fairness Hearing.  All written objections shall be filed and postmarked no later than _____.  Any member of the Class who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this lawsuit or in any other action or proceeding.  Any member of the Class not otherwise excluded who objects in the manner prescribed and whose objection is rejected by the Court remains a member of the Settlement Class and is bound by the terms and conditions of this Settlement Agreement.  You must file your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604, and you must serve a copy of your letter on the attorneys for Plaintiffs and Defendant at the following addresses by --------------------:

Paul F. Markoff
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602

-and-

James R. Daly
Jones Day
77 W Wacker Dr
Chicago IL 60601

**11.      Do I have a lawyer in this case?**

The Court appointed lawyers to represent you and other Class Members.  These lawyers are called Class Counsel.  They will be paid out of the Settlement Amount.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Class Counsel are:

Paul F. Markoff                                      Thomas A. Zimmerman, Jr.
Karl G. Leinberger              -and-          Adam M. Tamburelli
*Markoff Leinberger LLC*                     *Zimmerman Law Offices, P.C.*

**12.      What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlement and that it should not be approved.  You can object only if you stay in the Class.  If the Court rejects your objection, you cannot thereafter exclude yourself from the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**13.      When and where will the Court decide whether to approve the settlement?**

The Court will hold a hearing (a "Fairness Hearing") to decide whether to finally approve the settlement.  The Fairness Hearing will be held on -------------------- at -------------- at the U.S. District Court, 219 S. Dearborn St., Courtroom 1041, Chicago, IL 60604.  At the Fairness Hearing, the Court will consider whether the settlement is fair, reasonable and adequate.  If there are objections or requests to be heard, the Court may consider them at the hearing.

**14.      Do I have to attend the Fairness Hearing?**

No.  Class Counsel will answer questions the Court may have, but you are welcome to attend at your own expense.  If you send an objection, you do not have to go to court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also have your own lawyer attend, but it is not necessary to hire a lawyer.  You may ask the Court for permission to speak at the Fairness Hearing by sending a letter saying that it is your "Notice of Intention to Appear in *Redman v. Radioshack.*"  Your letter must also include a reference to case number 11 C 6741, your name, current address, telephone number and signature.  You must file your letter with the Clerk of the District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604, and you must serve a copy of your letter on the attorneys for Plaintiffs and Defendant at the addresses identified in #10 above by ----------------.  You cannot speak at the Fairness Hearing if you exclude yourself from the Class.

**15.      What happens if I do nothing at all?**

If you do nothing, and the Court approves the settlement, you will not get any Settlement Benefits but you will still be bound by the settlement. If you want Settlement Benefits, you <u>must</u> submit a claim form.

**16.    How do I get more information?**

You may seek the advice and guidance of your own private attorney, at your own expense, if you desire; you may review the pleadings, records and other papers on file in this lawsuit, which may be inspected during regular business hours at the U.S. District Court, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604; or you may contact Class Counsel at 312.726.4162.

**DO NOT CALL THE COURT WITH QUESTIONS**

**17.    What if I move?**

If you move between the time you submit a claim form and before you receive Settlement Benefits, please update your contact information with the Class Settlement Administrator (see below).

**<u>Class Settlement Administrator</u>**
-----------------
-------------------------
---------------------
--------------------
---------------

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf) | | |
| of all others similarly situated, ) | | |
| Plaintiff, ) | No. 11 C 6741 | |
| ) | (consolidated with 11 C 7819) | |
| v. ) | | |
| ) | Magistrate Valdez | |
| RADIOSHACK CORPORATION, ) | (consent filed) | |
| a Delaware corporation, ) | | |
| Defendant. ) | | |
| _____) | | |
| MARIO ALIANO and VICTORIA ) | | |
| RADAVICIUTE, individually and on behalf of ) | | |
| all others similarly situated, ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| RADIOSHACK CORPORATION, ) | | |
| a Delaware corporation, ) | | |
| Defendant. ) | | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter coming before the Court on Plaintiffs' request for preliminary approval of a

Class Action Settlement Agreement and Release, and having considered the papers submitted to

the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1.    The Parties have reached an agreement to settle all claims in the Lawsuits;

2.    For purposes of settlement only, the Court preliminarily concludes that (a) the

Settlement Class is ascertainable and sufficiently numerous such that joinder of all members of

the Settlement Class is impracticable; (b) there exist common questions of law and fact,

including whether Defendant's display of credit and debit card expiration dates on consumer

copies of electronically-printed receipts constitutes a violation of the Fair and Accurate Credit

Transactions Act, 15 U.S.C. § 1681, *et seq.*; (c) the claims of Plaintiffs Scott D.H. Redman,

EXHIBIT F

Mario Aliano and Victoria Radaviciute are typical of the Class Members' claims; (d) Plaintiffs Scott D.H. Redman, Mario Aliano and Victoria Radaviciute are appropriate and adequate representatives for the Settlement Class and their attorneys, Paul F. Markoff, Karl G. Leinberger, Thomas A. Zimmerman, Jr. and Adam M. Tamburelli are adequate and qualified to serve as Class Counsel; (e) common questions of law and fact predominate over any questions affecting only individual Class Members; and (f) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members;

3.      The proposed settlement is within the range of fairness and reasonableness and meets the requirements for preliminary approval; and

4.      The notice to the Settlement Class proposed in the Settlement Agreement is the best practicable notice under the circumstances, is the only notice to the Class Members that is required, and such notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).

**THEREFORE, IT IS HEREBY ORDERED:**

A.      All defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release executed by the Settling Parties and filed with this Court (the "Settlement Agreement");

B.      Pursuant to Fed. R. Civ. P. 23, the Settlement Agreement is preliminarily approved;

C.      The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

> All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any Store that contained the expiration date of the person's credit or debit card.

> Excluded from the class are Defendants, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards, as those cards do not contain

expiration dates.

D.      Paul F. Markoff, Karl G. Leinberger, Thomas A. Zimmerman, Jr. and Adam M. Tamburelli are hereby appointed as Class Counsel;

E.      Notice shall be implemented pursuant to the terms of the Settlement Agreement, and Plaintiffs''s counsel shall submit, at least five (5) business days prior to the Fairness Hearing, an affidavit affirming that notice has been so given;

F.      Class Members shall have ninety (90) days from today's date to submit a claim, or opt out or object to the proposed Settlement Agreement; and

G.      A Fairness Hearing on the fairness and reasonableness of the proposed Settlement Agreement shall be held before this Court on _____ at _____ a.m./p.m.;

H.      If the proposed Settlement Agreement is not finally approved by this Court or consummated for any reason whatsoever:

1.  The Settlement Agreement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* (as of the date one day preceding execution of the Settlement Agreement) rights of the Plaintiffs and Defendant, and

2.  The portions of this Order allowing the certification of this action as a provisional class action shall be vacated;

I.      Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and all Class Members, or those purporting to act on their behalf, unless and until they have timely excluded themselves as a Class Member, are enjoined directly, indirectly, representatively or in any other capacity, from filing, commencing, prosecuting, continuing,

litigating, intervening in, participating in as class members or otherwise, or seeking to certify a class in, or organizing a separate class of persons in, a purported class action or otherwise (including by seeking to amend a complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or proceeding or order in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or the circumstances alleged in the Lawsuits; and

J.      Pending final determination of whether the Settlement Agreement shall be approved, all persons are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class, if such other lawsuit is based on or related to the Claims and causes of action, or the facts and circumstances related to the Lawsuits.


_____
Honorable Maria Valdez
United States Magistrate Judge


4

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf) | | |
| of all others similarly situated, | ) | |
| Plaintiff, | ) | No. 11 C 6741 |
| | ) | (consolidated with 11 C 7819) |
| v. | ) | |
| | ) | Magistrate Valdez |
| RADIOSHACK CORPORATION, | ) | (consent filed) |
| a Delaware corporation, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MARIO ALIANO and VICTORIA | ) | |
| RADAVICIUTE, individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RADIOSHACK CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| Defendant. | ) | |

### [PROPOSED] FINAL APPROVAL ORDER

This matter coming before the Court on the request of Plaintiffs and the Class Members for final approval of the Class Action Settlement Agreement and Release ("Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS**:

1.     This Court has jurisdiction over the subject matter of the Lawsuits, the Class Representatives, the Class Members and Defendant;

2.     Class Notice was provided as set forth in the Settlement Agreement;

3.     The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive


EXHIBIT G

and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

    4.    \_\_\_\_ persons opted out of the Settlement Agreement;

    5.    \_\_\_\_ Class Members objected to the Settlement Agreement;

    6.    The Settlement Agreement is fair, reasonable and adequate; and

    7.    The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes, in that:

    (a)    there are millions of members of the Settlement Class;

    (b)    there are questions of fact and law that are common to all members of the Settlement Class;

    (c)    the claims of the Class Representatives are typical of those of the other Class Members; and

    (d)    the Class Representatives have fairly and adequately protected the interests of the Settlement Class, and have retained counsel experienced in complex class action litigation who have and will continue to represent the class adequately; and

    8.    This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

    (a)    a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy; and

    (b)    questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members; and

    9.    Notice of the settlement has been given to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

**THEREFORE, IT IS HEREBY ORDERED:**

    A.    All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B.      The Settlement Agreement is finally approved and the Settling Parties shall implement it pursuant to its terms;

C.      Pursuant to Fed. R. Civ. P. 23(b)(3), and the Court's findings in the Preliminary Approval Order, the Court hereby finally certifies, for settlement purposes, the following Settlement Class:

> All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any Store that contained the expiration date of the person's credit or debit card.
>
> Excluded from the Settlement Class are Defendant, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards, as those cards do not contain expiration dates;

D.      Pursuant to Fed. R. Civ. P. 23(b)(4) and 23(g), Scott D.H. Redman, Mario Aliano and Victoria Radaviciute are appointed as Class Representatives, and Markoff Leinberger LLC and Zimmerman Law Offices, P.C. are jointly appointed as Class Counsel;

E.      Class Counsel are awarded $1,000,000 in attorneys' fees and costs, which this Court finds to be reasonable.  Of that award, $_____ shall be paid to Markoff Leinberger LLC, and $_____ shall be paid to Zimmerman Law Offices, P.C.  This amount shall be paid in accordance with the terms of this Settlement Agreement;

F.      $____ is awarded to each of the Class Representatives for their individual claims and as an incentive award for their service on behalf of the Settlement Class;

G.      Except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses the Lawsuits without prejudice;

H.      Such dismissal shall automatically convert to a dismissal with prejudice exactly six (6) months after (i) the entry of this Order if no objection(s) is filed; or (ii) the date of

expiration for the time for noticing a valid appeal from this Order if an objection(s) is filed and an appeal is not noticed; or (iii) the date of final affirmation or dismissal of the last pending appeal if an appeal is noticed; provided, however, that if Defendant files for bankruptcy protection prior to six (6) months after the Effective Date, the conversion to dismissal with prejudice will be stayed until such time as the Settling Parties perform all of their respective obligations under the Settlement Agreement;

I.      Until the dismissal of the Lawsuits converts to a dismissal with prejudice pursuant to the paragraph above, all persons are enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class, if such other lawsuit is based on or related to the Claims and causes of action, or the facts and circumstances related to the Lawsuits;

J.      The Court shall retain jurisdiction over this matter until the dismissal converts to a dismissal with prejudice;

K.      Except as otherwise provided in the Settlement Agreement or herein, the Settling Parties are to bear their own attorneys' fees and costs; and

L.      This Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant and all Defendant Releasees for liability based upon the Released Claims.


SO ORDERED ON THIS ___ DAY OF _____, 2013

_____
Honorable Maria Valdez
United States District Magistrate Judge

## ESCROW AGREEMENT

THIS ESCROW AGREEMENT is entered into and effective this 16th day of May, 2013, by and among The Garden City Group, Inc. (the "Escrow Agent"), RadioShack Corporation ("Defendant"), Scott D.H. Redman ("Redman"), Mario Aliano ("Aliano") and Victoria Radaviciute ("Radaviciute") (Redman, Aliano and Radaviciute are collectively referred to as "Plaintiffs") pursuant to the Class Action Settlement Agreement and Release executed May 16, 2013 (the "Settlement Agreement"). Plaintiffs and Defendant are referred to collectively as the "Settling Parties" of the litigation entitled *Redman/Aliano v. RadioShack Corporation*, pending as case no. 11 C 6741 in the United States District Court for the Northern District of Illinois ("Lawsuit"). Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings in this Escrow Agreement.

WHEREAS, on May 16, 2013, Plaintiffs and Defendant entered into the Settlement Agreement, setting forth the terms and conditions of an agreement to settle and resolve the Lawsuit with finality; and

WHEREAS, the Settlement Agreement provides for payment of $3,250,000 to the Escrow Agent to secure funding of the settlement, including costs of class notice and administration, acquisition and distribution of Settlement Vouchers, payment to Plaintiffs and Class Counsel and payment to Defendant contingent upon Defendant's issuance of Settlement Vouchers to Class Members ("Escrow Amount");

WHEREAS, this Escrow Agreement sets forth the terms and conditions on which Escrow Agent will establish an Escrow Account (as defined in Section I.C) comprised of the Escrow Amount and distribute the Escrow Account.

NOW, THEREFORE, in consideration of the promises herein, the Escrow Agent and the Settling Parties agree as follows:

## I.    TERMS AND CONDITIONS

A.    Escrow Agent agrees to act as Escrow Agent on the terms and conditions set forth herein in exchange for immediate payment of $10.00.

B.    Within two (2) business days after the Settling Parties execute the Settlement Agreement, Defendant shall wire to the Escrow Agent the Escrow Amount in immediately available United States funds. The Escrow Agent shall confirm receipt of the Escrow Amount in writing to the Settling Parties. Upon Escrow Agent's receipt of the Escrow Amount, Defendant shall relinquish all control, right, title and interest in the Escrow Amount.

C.    The Escrow Agent shall, within 24 hours of receiving the Escrow Amount, deposit the Escrow Amount in a non-interest bearing demand deposit account maintained by JP Morgan Chase Bank ("Escrow Account") and entitled *Redman/Aliano v. RadioShack Corporation Settlement Fund*.


EXHIBIT H

D.    The Escrow Agent shall deliver and disburse the Escrow Amount from the Escrow Account as set forth herein.

## II.    RETENTION OF CLASS SETTLEMENT ADMINISTRATOR

If the Court enters a Preliminary Approval Order, Escrow Agent shall, within 48 hours of entry of the Preliminary Approval Order, retain The Garden City Group, Inc. or any other entity appointed by the Court to act as Class Settlement Administrator ("Class Settlement Administrator") to perform the duties of Class Settlement Administrator set forth in the Settlement Agreement.

## III.    DISBURSEMENT OF ESCROW ACCOUNT

Escrow Agent shall disburse the Escrow Account as follows:

A.    If the Court does not enter a Preliminary Approval Order within 30 days of the Settling Parties executing the Settlement Agreement, Escrow Agent shall pay to Defendant all funds in the Escrow Account.

B.    If the Court enters a Preliminary Approval Order within 30 days of the Settling Parties executing the Settlement Agreement, Escrow Agent shall pay from the Escrow Account to the Class Settlement Administrator all amounts due to the Class Settlement Administrator pursuant to the terms of that retention, which amounts include, by way of examples, the Class Settlement Administrator's reasonable fees and costs for acting as Class Settlement Administrator and all costs of Class Notice required to be paid out of the Escrow Amount.

C.    If the Court enters a Preliminary Approval Order but does not enter a Final Approval Order (or the Effective Date otherwise does not occur), Escrow Agent shall pay to Defendant all funds remaining in the Escrow Account after the payments set forth in paragraph III.B. above.

D.    If the Court enters a Final Approval Order, Escrow Agent shall disburse the Escrow Account as follows:

1.    Escrow Agent shall pay from the Escrow Account to the Class Settlement Administrator all amounts due to the Class Settlement Administrator pursuant to the terms of that retention, which amounts include, by way of examples, the Class Settlement Administrator's reasonable fees for acting as Class Settlement Administrator, processing Claim Forms, acquiring and distributing Settlement Vouchers and otherwise administering the class settlement;

2.    Within 21 days after the Effective Date, Escrow Agent shall pay each Plaintiff $5,000 from the Escrow Account;

3.      Within 21 days after the Effective Date, Escrow Agent shall pay Class Counsel $500,000 or one half of the Court-approved Class Counsel fees (collectively, not each, with payments to each Class Counsel as set forth in the Final Approval Order) from the Escrow Account;

4.      On the date the Settlement Vouchers are sent to Participating Claimants and/or *cy pres* recipient(s), the total value of all Settlement Vouchers issued up to the Escrow Amount less amounts set forth in paragraphs 2.3(A), 2.3(B) and 2.3(D) of the Settlement Agreement shall be wire-transferred to Defendant pursuant to the terms of the Settlement Agreement;

5.      Upon the effective date of the Parties' Releases made pursuant to Section 2.4 of the Settlement Agreement, Escrow Agent shall pay Class Counsel $500,000 or one half of the Court-approved Class Counsel fees (collectively, not each, with payment to each Class Counsel as set forth in the Final Approval Order); and

6.      If any funds remain in the Escrow Account after making the payments set forth in paragraphs III.D.1., III.D.2., III.D.3., III.D.4 and III.D.5 Escrow Agent shall pay to Defendant all such remaining funds.

E.      Escrow Agent shall notify Plaintiffs' and Defendant's respective counsel of any disbursements from the Escrow Account in advance.

## IV.   MISCELLANEOUS

A.      This Escrow Agreement expressly incorporates by reference all provisions of the Settlement Agreement, which provisions, together with this Escrow Agreement, expressly and exclusively set forth the duties of the Escrow Agent with respect to any and all matters pertinent hereto and no implied duties or obligations shall be read into this Escrow Agreement against the Escrow Agent.

B.      This Escrow Agreement constitutes the entire agreement among the Escrow Agent and the Settling Parties in connection with the subject matter of this escrow. Unless it is signed by the Escrow Agent as a party, no other agreement, including the Settlement Agreement, shall be considered as adopted or binding, in whole or in part, upon the Escrow Agent notwithstanding that any such other agreement may be deposited with the Escrow Agent or the Escrow Agent may have knowledge thereof.

C.      The Escrow Agent shall not be required to notify any party hereto or any other party interested in this Escrow Agreement of any payment required or maturity occurring under this Escrow Agreement unless such notice is explicitly provided for in this Escrow Agreement.

D.    The Escrow Agent shall be protected in acting upon any document which the Escrow Agent in good faith believes to be genuine and what it purports to be, including, but not limited to, Court orders authorizing release, disbursement or retainage of all or part of the Escrow Amount.

E.    The Escrow Agent's acceptance and administration of the Escrow Amount shall constitute its submission to the jurisdiction of the Court in the Lawsuit for the purposes of carrying out this Escrow Agreement. In the event of any disagreement among any of the parties to this Escrow Agreement, or among any of them and any other party, resulting in inconsistent claims or demands being made in connection with the matters covered by this Escrow Agreement, or in the event that the Escrow Agent, in good faith, be in doubt as to what action it should take hereunder, the Escrow Agent may, at its option, request guidance from the Court and/or interplead the remaining funds in the Escrow Account and allow the Court to resolve any dispute.

F.    The Escrow Agent shall be indemnified and held harmless by the Settling Parties from any claims, demands or losses, or from any damages suffered by any party to this Escrow Agreement arising out of anything which it may do or refrain from doing in connection with carrying out its duties under this Escrow Agreement, , excepting such as may arise through or be caused by the Escrow Agent's breach of this Escrow Agreement or any misconduct or negligence committed by Escrow Agent; provided, however, that the extent of any such indemnification shall be limited to, and be paid solely from, any monies then currently available in the Escrow Account.

G.    The Escrow Agent's obligations under this Escrow Agreement terminate when the Escrow Agent exhausts all funds in the Escrow Account pursuant to paragraph III above.

H.    The Escrow Agent and the Settling Parties irrevocably and unconditionally submit to the jurisdiction of the United States District Court for the Northern District of Illinois for purposes of any suit, action or proceeding to enforce any provision of, or based upon any right arising out of this Escrow Agreement, and the parties hereto agree not to commence any such suit, action or proceeding except in such Court; provided, however, that if such Court refuses jurisdiction, then the Escrow Agent and the Settling Parties may file suit in any court of competent jurisdiction .

I.    This Escrow Agreement is being made in and is intended to be construed according to the laws of the State of Illinois.  It shall inure to and be binding upon the Escrow Agent and the Settling Parties and their respective successors, heirs and assigns.  All representations, covenants, and indemnifications contained in this Agreement shall survive the termination of this Escrow Agreement.

4

J.     The terms of this Escrow Agreement may be altered, amended, modified or revoked only by an instrument in writing signed by the Escrow Agent and the Settling Parties.

K.     This Escrow Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

## V.     NOTICE

Any notice, request for consent, report, or any other communication required or permitted  by this Escrow Agreement shall be in writing and shall be deemed to have been given when personally delivered or emailed to the party specified or when placed in the United States mail, registered or certified, with return receipt requested, postage prepaid and addressed as set forth below.

If to Escrow Agent:

Jennifer M. Keough
Garden City Group Inc.
1531 Utah Avenue South
Suite 600
Seattle, WA 98134

Re:  Escrow Account:  Redman/Aliano v. RadioShack Corporation Escrow Account

If to Plaintiffs or Class Counsel:

Paul F. Markoff (paul@markleinlaw.com)
Markoff Leinberger LLC
134 N LaSalle St Ste 1050
Chicago IL 60602

        -and-

Thomas A. Zimmerman, Jr. (tom@attorneyzim.com)
Zimmerman Law Offices, P.C.
77 W Washington St Ste 1220
Chicago IL 60602

If to Defendant:

James R. Daly (jrdaly@jonesday.com)
Jones Day
77 W Wacker Dr
Chicago IL 60601

Any party may unilaterally designate a different address by giving notice of each change in the manner specified above to each other party.

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be duly executed as of the date first above written.

_____        _5_ / _16_ / 2013_
Jennifer M. Keough                       Date
The Garden City Group, Inc.
*Escrow Agent*

_____        _____ / _____ / _____
Paul F. Markoff                          Date
Markoff Leinberger LLC
*Counsel for Plaintiff Scott D.H. Redman and the Class Members*

_____        _____ / _____ / _____
Thomas A. Zimmerman, Jr.                Date
Zimmerman Law Offices, P.C.
*Counsel for Mario Aliano, Victoria Radaviciute and the Class Members*

_____        _5_ / _16_ / _13_
James R. Daly                             Date
Jones Day
*Counsel for Defendant RadioShack Corporation*

6

Any party may unilaterally designate a different address by giving notice of each change in the manner specified above to each other party.

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be duly executed as of the date first above written.

_____      ____/____/____
Jennifer M. Keough                              Date
The Garden City Group, Inc.
*Escrow Agent*

_____      __5/16/2013__
Paul F. Markoff                                      Date
Markoff Leinberger LLC
*Counsel for Plaintiff Scott D.H. Redman and the Class Members*

_____      ____/____/____
Thomas A. Zimmerman, Jr.                  Date
Zimmerman Law Offices, P.C.
*Counsel for Mario Aliano, Victoria Radaviciute and the Class Members*

_____      ____/____/____
James R. Daly                                       Date
Jones Day
*Counsel for Defendant RadioShack Corporation*

Any party may unilaterally designate a different address by giving notice of each change in the manner specified above to each other party.

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be duly executed as of the date first above written.

_____       _____/_____/_____
Jennifer M. Keough                             Date
The Garden City Group, Inc.
*Escrow Agent*


_____       _____/_____/_____
Paul F. Markoff                                Date
Markoff Leinberger LLC
*Counsel for Plaintiff Scott D.H. Redman and the Class Members*

_____       5 / 16 / 13
Thomas A. Zimmerman, Jr.                   Date
Zimmerman Law Offices, P.C.
*Counsel for Mario Aliano, Victoria Radaviciute and the Class Members*


_____       _____/_____/_____
James R. Daly                                 Date
Jones Day
*Counsel for Defendant RadioShack Corporation*

6

## PRINT PUBLICATION NOTICE PLAN

      Pursuant to <u>Section 2.5</u> of the Class Action Settlement And Release, the Settlement Administrator shall cause Publication Notice to be published in the following publications:

| <u>Publication</u> | <u>Size</u> | <u>Frequency</u> |
|---|---|---|
| *People* | 1/3 page | Two times |
| *Parade* | 3/10 page | One time |
| *USA Weekend* | 1/4 page | One time |
| *Time* | 1/3 page | One time |

EXHIBIT I