**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, )<br>            Plaintiff, )<br>            )<br>    v. )<br>            )<br>RADIOSHACK CORPORATION, )<br>a Delaware corporation, )<br>            Defendant. )<br>_____)<br>MARIO ALIANO and VICTORIA )<br>RADAVICIUTE, individually and on behalf of )<br>all others similarly situated, )<br>            Plaintiffs, )<br>            )<br>    v. )<br>            )<br>RADIOSHACK CORPORATION, )<br>a Delaware corporation, )<br>            Defendant. ) | No. 11 C 6741<br>(consolidated with 11 C 7819)<br><br>Magistrate Judge Maria Valdez |

**JOINT MOTION TO PRESENT TO THE COURT ADDITIONAL
AUTHORITY IN SUPPORT OF MOTION FOR FINAL APPROVAL**

Attached hereto as **Exhibit A** is a recent opinion from the Central District of California that Plaintiffs and Defendant consider particularly relevant to the Court's deliberations on the parties' pending motion for final approval of the class-wide settlement that was presented to this Court on September 17, 2013. Accordingly, the parties have filed the instant motion in order to bring this particular ruling to the Court's attention and to respectfully request the opportunity to appear before the Court and address this case as well as any other questions the Court may have regarding the pending motion for final approval.

The attached ruling, *In re* T*oys "R" Us*, MDL No. CV-08163, 2014 U.S. LEXIS 8289 (C.D. Cal. Jan. 17, 2014), holds that a settlement whereby class members may submit claims to receive fully transferable vouchers with which they can buy entire products without additional

payment is not a coupon settlement within the meaning the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1712, and that attorneys' fees for such a settlement may be awarded based on a lodestar calculation.

The *Toys "R" Us* court granted final approval to a settlement of a nationwide class action alleging that defendant Toys "R" Us violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). That settlement provided for claimants to receive fully transferable vouchers with values ranging from $5 to $30 good for in-store use, with a six month expiration date. The court also awarded attorneys' fees to class counsel, which were calculated using as a starting point a lodestar method. In determining that the voucher settlement was not a "coupon" settlement within the meaning of CAFA, the court reasoned that the vouchers, unlike coupons, "do not require class members to spend money in order to realize the settlement benefit" because more than 7,000 items are available for purchase at Toys "R" Us at a cost of less than $5. *Toys "R" Us*, 2014 U.S. Dist. LEXIS 8289 at *75, n. 95 (quoting *Browning v. Yahoo Inc.*, No. C03-1363 HRL, 2007 WL 4105971 at *5 (N.D. Cal. Nov. 16, 2007). In other words, rather than providing a "*discount* on merchandise or services offered by the defendants" (like a coupon), the court found that the settlement vouchers provided "*free* merchandise or services." *Id.* (quoting *Foos v. Ann Taylor, Inc.*, No. 11-cv-2794 (MDD), 2013 WL 5352969, at *2 (S.D. Cal. Sept. 24, 2013).

The court in *Ann Taylor* distinguished the "e-credits" awarded in In re *HP Inkjet Printer Litig.*, 716 F.3d 1173 (9th Cir. 2013), which the Ninth Circuit found to be coupons within the meaning of CAFA (and which Objectors Gupta, Runyard, Warner, Jr., Vasquez, Rosman and Kasten cite in support of their assertion here that the instant settlement is a coupon settlement

within the meaning of CAFA[1]), by stating that the "*HP Inkjet* case noted that the label placed on non-monetary relief is *not dispositive* of whether something is a coupon" and that, unlike the e-credits in *HP Inkjet*, which were redeemable for discounts off of printers and printing supplies, a voucher provides for free merchandise or services. *Ann Taylor*, 2013 WL 5352969, at *2. The Settlement Vouchers provided in the RadioShack settlement are similar to those provided in *Toys "R" Us* and in *Ann Taylor*, and likewise are not coupons within the meaning of CAFA.

The *Toys "R" Us* ruling is also relevant to the pending motion because it recognizes that an important factor weighing in favor of approval of the settlement is the existence of questions of fact as to whether the defendant willfully violated FACTA. *Toys "R" Us*, 2014 U.S. Dist. LEXIS 8289 at *29. Here, the parties have represented to the Court that the issue of whether RadioShack willfully violated FACTA would be a difficult hurdle for plaintiffs to overcome and that the outcome of that fact-based analysis was anything but certain.

The approval by the *Toys "R" Us* court of a settlement strikingly similar to the one before this Court provides additional support for this Court to approve the settlement as fair and reasonable.

---

[1] *See* Amended Objections to Parties Settlement, *Redman v. RadioShack Corp.*, No. 11-cv-6741 (filed 8/20/2013) (dkt. no. 110); Objection of Michael Rosman and Jessica Kasten at 4-8, *Redman v. RadioShack Corp.*, No. 11-cv-6741 (filed 8/27/2013) (dkt. no. 115)

| | |
|---|---|
| Dated: February 3, 2014 | Respectfully submitted, |
| | s/ Irene S. Fiorentinos |
| | James R. Daly (05181714) |
| | jrdaly@JonesDay.com |
| | Irene S. Fiorentinos (06188533) |
| | ifiorentinos@JonesDay.com |
| | Elizabeth H. Jenkins (6303605) |
| | ehjenkins@JonesDay.com |
| | JONES DAY |
| | 77 West Wacker |
| | Chicago, IL  60601.1692 |
| | Telephone:   +1.312.782.3939 |
| | Facsimile:    +1.312.782.8585 |

| | |
|---|---|
| SCOTT D.H. REDMAN, individually, and on behalf of all others similarly situated, | MARIO ALIANO and VICTORIA RADAVICIUTE, individually, and on behalf of all others similarly situated, |
| By:   s/ Paul Markoff | By:    s/Thomas A. Zimmerman, Jr. |
| Paul F. Markoff | Thomas A. Zimmerman, Jr. (IL #6231944) |
| paul@markleinlaw.com | Adam M. Tamburelli (IL #6292017) |
| Karl G. Leinberger | Frank J. Stretz (IL #6310264) |
| Markoff Leinberger LLC | ZIMMERMAN LAW OFFICES, P.C. |
| 134 N LaSalle Street, Suite 1050 | 77 West Washington Street, Suite 1220 |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| (312) 726-4162 telephone | (312) 440-0020 telephone |
| (312) 674-7272 facsimile | (312) 440-4180 facsimile |
| Co-Class Counsel | Co-Class Counsel |

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on February 3, 2014, I electronically filed the foregoing JOINT MOTION TO PRESENT TO THE COURT ADDITIONAL AUTHORITY IN SUPPORT OF MOTION FOR FINAL APPROVAL with the Clerk of the Court using the CM/ECF system which will send notification of such filing by email to all counsel of record in *Redman v. RadioShack Corporation*, Case No. 1:11-cv-6741, and *Aliano v. RadioShack Corporation*, Case No. 1:11-cv-7819, at the e-mail address on file with the Court.

                                                     s/ Paul F. Markoff
                                                     Paul F. Markoff