**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTREN DIVISION**

| | | |
|---|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 11 C 6741 (consolidated with 11 C 7819) |
| v. | ) ) ) | |
| RADIOSHACK CORPORATION, A Delaware corporation, | ) ) ) | Magistrate Judge Valdez |
| Defendant. | ) ) | |
| _____ | ) | |
| MARIO ALIANO and VICTORIA RADAVICIUTE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RADIOSHACK CORPORATION, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

**OBJECTORS GUPTA, RUNYARD, WARNER, AND VASQUEZ'S
RESPONSE
TO THE NOTICE OF SUPPLEMENTAL AUTHORITY**

Objectors Gupta, Runyard, Warner and Vasquez, do not object to the submission of *In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litigation* for consideration by this Court. *Toys "R" Us* when read in its entirety is distinguishable from this matter in that notably no objections were received and the plaintiffs' attorney's for years of litigation involving defeating summary judgment and having appealed to the Ninth Circuit in theat matter were only $525,000.

1

**ARGUMENT**

I.     *In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litigation* is Distinguishable as to Whether the Settlement between Plaintiffs and RadioShack is Fair, Reasonable, and Adequate under Rule 23

In *Toys "R" Us,* the court specifically noted that, "[a]s of October 3, 2013, moreover, no class member had objected to the terms of the settlement." *In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA)* Litigation, MDL No. CV 08-01980 MMM (FMOx),No. CV 06-08163 MMM (FMOx)No. CV 08-06645 MMM (FMOx), 2014 U.S. Dist LEXIS 8289 * 45 (C.D. Cal. Jan. 17, 2014).  Here in this case, there have been over 20 persons who have filed various objections.

The size of the settlement available to class members in *Toys "R" Us* was over *60 million dollars more* than what was made available to the class members here.  In *Toys "R" Us* the court stated, "[a]ssuming there are 13.05 million class members, if all were to submit timely, valid claims, the aggregate value of the relief to the settlement class would be between $65.25 million (assuming all class members received a $5[1] voucher) and $391.5 million (assuming all class members received a $30 voucher)."  *Id*., at * 36 (footnote omitted).  Not only was the settlement fund offered to the class members much grater, a person who made multiple purchases during the class time period could receive up to *three times as much as what RadioShack offered here.*

In this case, RadioShack's and Plaintiffs' agreement provides as a percentage of the settlement fund totaling one million dollars ($1,000,000) for attorney's fees.  That amount of comparison comes out directly from the settlement fund and suggests

---

[1] To obtain the $5 voucher in *Toys "R" Us*, a claimant did not need to provide the additional of approximate date of purchase, city of store and telephone number of claimant information that the agreement here required.

improper collusion. In *Toys "R" Us*, the court recited the long litigation history of the case including that the plaintiffs defeated summary judgment and that the matter was on appeal to the Ninth Circuit, and later noted that the structure in that case suggested no collusion as follows:

> The agreement here specifies that defendants will not object to a fees and cost award of ***$525,000*** or less. As noted, the court estimates that Toys' settlement liability is between $65.25 million and $391.5 million. Assuming the value of the settlement is $65.25 million, class counsel's requested fee of $457,993.54 represents .70% of the total value; the negotiated $525,000 cap equals .80%. Given the parties' inability to ensure that all class members received notice of the settlement, however, it is likely that the actual value of the vouchers Toys will distribute to class members will be much less than $65.25 million. If 315,000 people, which represents approximately 2% of the class, request $5 vouchers, for example, the attorneys' fees award sought would be approximately 30% of Toys' settlement liability; this is still significantly less than the 83% at issue in *Bluetooth*. While it is difficult to predict Toys' actual settlement liability, because it has committed to distribute vouchers worth potentially millions to the class, and because attorneys' fees will not reduce the settlement amount available to class members, the court concludes that the fee award to which the parties agreed is not so disproportionate to the class's recovery that it suggests collusion.

> *Id.*, at * 49-50 (footnote omitted) (emphasis added).

The *Toys "R" Us* court also took notice of the "clear sailing provision"[2] that prohibited the defendant from objecting to the amount of fees requested by the plaintiffs. Here in this case, RadioShack and Plaintiffs have a "clear sailing provision" and indeed have filed this motion to supplement. In *Toys "R" Us the* court described such "clear sailing" agreements here as:

> Clear sailing provisions are troubling on several levels. '[T]he very existence of a clear sailing provision increases the likelihood that class counsel will have bargained away something of value to the class.' *In re Bluetooth*, 654 F.3d at 948 (citation omitted); see also *Malchman v. Davis*, 761 F.2d 893, 908 (2d Cir. 1985) (Newman, J., concurring) ('It is unlikely that a defendant will gratuitously accede

---

[2] "'Class Counsel will request fees and expenses up to and not exceeding the total amount of Five Hundred Twenty Five Thousand Dollars ($525,000). Toys will not object to a request for this amount of attorneys' fees and expenses.'" *Toys "R" Us,* 2014 U.S. Dist. LEXIS 8292 at * 52.

to the plaintiffs' request for a 'clear sailing' clause without obtaining something in return. That something will normally be at the expense of the plaintiff class'), abrogated on other grounds in Amchem, 521 U.S. at 619. 'Such a clause deprives the court of the advantages of the adversary process. The source of the proposed payment renders it improbable that class members will come forward to challenge the reasonableness of the requested fee. Meanwhile, the payor is bound by contract not to contest the application.' *Weinberger*, 925 F.2d at 525.

*Toys "R" Us,* 2014 U.S. Dist. LEXIS 8292 at * 52-53.

## II. THE *TOYS "R" US* COURT INCORRECTLY FOUND THAT THE VOUCHER WAS NOT A COUPON SUBJECT TO CAFA

Plaintiffs previously supplemented the record with *In re Southwest Airlines Voucher Litig.*, 11 C 8176, 2013 U.S. Dist. LEXIS 143146 * 1 (N.D. Ill. Oct. 3, 2013) (Kennelly, J), which held that the $5 drink voucher was a coupon as follows:

> Either way, use of the replacement voucher provided by the settlement requires the recipient to do business with Southwest again. [fn. 1] For these reasons, the Court concludes that the replacement vouchers are 'coupons' within the meaning of CAFA.

*Id.* at * 9.

In finding of the drink voucher as a coupon the court stated that, "[h]ere the class members are getting back exactly what they had before, an unexpired drink voucher." *Id.*, * 9. This Court should follow Plaintiffs' first supplemental submission in *Southwest Airlines*, not a later case from a court outside of this District. Another California District Court also sees $10 merchandise vouchers with a 90-day redemption period as a "coupon" under CAFA. *Dardarian v. Officemax N. Am., Inc.*, 11-CV-00947 YGR, 2013 U.S. Dist. LEXIS 98653 * 6-10 (N.D. Cal. July 12, 2013).

## CONCLUSION

WHEREFORE, the objectors do not object to this Honorably Court considering *In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litigation* as additional authority, but the objectors request that the Court also consider the objectors' positions above regarding the same case.

Respectfully submitted,

By:     /s/ Curtis C. Warner
            Curtis C. Warner

*On behalf of the Objectors*
*Gupta, Runyard, Warner and Vasquez*

Curtis C. Warner
Warner Law Firm, LLC
1400 E. Touhy Ave., Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)
cwarner@warnerlawllc.com

## CERTIFICATE OF SERVICE

I, Curtis Warner state that on **February 5, 2014,** I filed the document above in this mater using the Court's ECF system which will automatically send notice to those persons who have registered and have appeared.

Respectfully submitted,

By:     /s/ Curtis C. Warner
            Curtis C. Warner

*On behalf of the Objectors*
*Gupta, Runyard, Warner and Vasquez*