UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT D.H. REDMAN, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>  v.<br><br>RADIOSHACK CORPORATION, a Delaware corporation,<br><br>           Defendant.<br><br>MARIO ALIANO and VICTORIA RADAVICIUTE, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br>RADIOSHACK CORPORATION, a Delaware corporation,<br><br>           Defendant. | No. 11 C 6741<br>(consolidated with 11 C 7819)<br><br>Magistrate Valdez<br>(consent filed) |

## [PROPOSED] FINAL APPROVAL ORDER

This matter coming before the Court on the request of Plaintiffs and the Class Members for final approval of the Class Action Settlement Agreement and Release ("Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date,

**THE COURT FINDS AS FOLLOWS**:

    1.    This Court has jurisdiction over the subject matter of the Lawsuits, the Class Representatives, the Class Members and Defendant;

    2.    Class Notice was provided as set forth in the Settlement Agreement;

    3.    The dissemination of Notice, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive

**EXHIBIT A**

and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

    4.    1,555 persons opted out of the Settlement Agreement;

    5.    21 Class Members objected to the Settlement Agreement;

    6.    The Settlement Agreement is fair, reasonable and adequate; and

    7.    The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied for settlement purposes, in that:

        (a)    there are millions of members of the Settlement Class;

        (b)    there are questions of fact and law that are common to all members of the Settlement Class;

        (c)    the claims of the Class Representatives are typical of those of the other Class Members; and

        (d)    the Class Representatives have fairly and adequately protected the interests of the Settlement Class, and have retained counsel experienced in complex class action litigation who have and will continue to represent the class adequately; and

    8.    This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes because:

        (a)    a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy; and

        (b)    questions of fact and law common to the members of the Settlement Class predominate over any questions affecting only individual members; and

    9.    Notice of the settlement has been given to the appropriate state and federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

**THEREFORE, IT IS HEREBY ORDERED:**

    A.    All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

B. The objections are overruled, the Settlement Agreement is finally approved and the Settling Parties shall implement it pursuant to its terms;

C. Pursuant to Fed. R. Civ. P. 23(b)(3), and the Court's findings in the Preliminary Approval Order, the Court hereby finally certifies, for settlement purposes, the following Settlement Class:

> All persons who, between August 24, 2010 and November 21, 2011, paid by credit or debit card for products or services and received an electronically-printed receipt from any Store that contained the expiration date of the person's credit or debit card.
>
> Excluded from the Settlement Class are Defendant, its officers, employees, and attorneys; transactions conducted with business credit or debit cards; and transactions made with RadioShack-branded debit or credit cards, as those cards do not contain expiration dates;

D. Pursuant to Fed. R. Civ. P. 23(b)(4) and 23(g), Scott D.H. Redman, Mario Aliano and Victoria Radaviciute are appointed as Class Representatives, and Markoff Leinberger LLC and Zimmerman Law Offices, P.C. are jointly appointed as Class Counsel;

E. Class Counsel are awarded $990,291.88 in attorneys' fees and $6,789.66 in costs, which this Court finds to be reasonable. Markoff Leinberger LLC and Zimmerman Law Offices, P.C. shall divide the award of fees and costs between them as they may agree, unless otherwise ordered by the Court. The amount awarded shall be paid in accordance with the terms of this Settlement Agreement;

F. $5,000 is awarded to each of the Class Representatives for their individual claims and as an incentive award for their service on behalf of the Settlement Class;

G. The Court hereby dismisses the Lawsuits without prejudice;

H. Such dismissal shall automatically convert to a dismissal with prejudice exactly six (6) months after (i) the date of expiration for the time for noticing a valid appeal from this

Order if an objection(s) is filed and an appeal is not noticed; or (ii) the date of final affirmation or dismissal of the last pending appeal if an appeal is noticed; provided, however, that if Defendant files for bankruptcy protection prior to six (6) months after the Effective Date, the conversion to dismissal with prejudice will be stayed until such time as the Settling Parties perform all of their respective obligations under the Settlement Agreement;

I. Until the dismissal of the Lawsuits converts to a dismissal with prejudice pursuant to the paragraph above, all persons, who have not timely and effectively requested exclusions from the Settlement Agreement, are enjoined from filing, commencing or prosecuting any other lawsuit individually or as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), if such other lawsuit is based on or related to the Claims and causes of action, or the facts and circumstances related to the Lawsuits;

J. The Court shall retain jurisdiction over this matter until the dismissal converts to a dismissal with prejudice;

K. Except as otherwise provided in the Settlement Agreement or herein, the Settling Parties are to bear their own attorneys' fees and costs; and

L. This Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant and all Defendant Releasees for liability based upon the Released Claims.

SO ORDERED ON THIS ___ DAY OF FEBRUARY, 2014

_____
Honorable Maria Valdez
United States District Magistrate Judge